# EXHIBIT  A

**CROSNER LEGAL, P.C.**
Brandon Brouillette, Esq (SBN 273156)
Craig W. Straub (SBN 249032)
Zachary M. Crosner (SBN 272295)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-763
Fax: (310) 510-6429
bbrouillette@crosnerlegal.com
craig@crosnerlegal.com
zach@crosnerlegal.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/19/2024 10:40 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

Attorneys for Plaintiffs,
DAVIDA MINOR and ASHA AYANNA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVIDA MINOR and ASHA AYANNA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FAVORITE WORLD, LLC; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: 24STCV09896 <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. **Violation of California's Consumers Legal Remedies Act** <br> 2. **Violations of California's Unfair Competition Law [Cal. Bus. § 17200, et. Seq.]** <br><br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff DAVIDA MINOR ("Plaintiff Minor") and Plaintiff ASHA AYANNA ("Plaintiff Ayanna") (collectively referred to herein as "Plaintiffs") bring this action against FAVORITE WORLD, LLC; and DOES 1-100, inclusive, (collectively referred to herein as "Defendants" and/or "Shapermint"), individually and on behalf of all others similarly situated, and allege upon personal knowledge as to Plaintiffs' acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

## NATURE OF THE ACTION

1.    This is a consumer protection action that seeks to remedy Defendants' unlawful and deceptive business practices with respect to misleading sale promotions advertised on Defendants' website as limited time discounted offers that, in reality, never end.

2.    Advertised "sale" prices are important to consumers as they are more likely to purchase an item if they know they are getting a good deal. If consumers think a sale will end soon, they more are likely to buy now, rather than wait, comparison shop, and/or buy a different product.

3.    While there is nothing wrong with legitimate sales, fake sales that include made-up regular prices, made-up discounts, and made-up expirations are deceptive and illegal. Defendants' supposed "sales" are just that – fake, deceptive, and illegal.

4.    As the Federal Trade Commission advises in its *Guides Against Deceptive Pricing*, it is deceptive to make up an "artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" of that price. 16 C.F.R § 233.1. As a result, false sales violate California's general prohibition on unfair and deceptive business practices. *See* Cal. Bus. Prof. Code § 17200.

5.    Additionally, California law provides that "No price shall be advertised as a former price unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501.

6.    Here, Defendants manufacture, market, advertise, and/or sell undergarments and shapewear, including bras, underwear, leggings, camis, bodysuits, swim wear, among other related

CLASS ACTION COMPLAINT

products (the "Products"). The Products are sold online through Defendants' website, shapermint.com.

7.    Defendants' website prominently advertises sales on its website. These advertisements include sitewide percentages off (for example up to 70% off) purported "regular" prices, purported discounts, and a countdown timer that purportedly shows when the sale will end. Countdown timers are a known powerful marketing strategy that creates the fear of missing out. Countdown timers are a scarcity tactic which marketers strategically employ to create the perception of product scarcity which, in turn, promotes purchase interest in a product and/or service.

8.    For example:

SPRING SALE UP TO 70 % OFF




Captured March 13, 2024

///

///

///

///

CLASS ACTION COMPLAINT

9.      Countdown Timer:

**SPRING SALE | Today's Deal ends in 7h 53m 12s**

as    Underwear    Leggings    Camis    Packs & Bundles    Best Sellers    Spring Sale    Com

Captured March 13, 2024.

10.    Purported Discounts and Regular Prices in Strikethrough Font:



Captured May 13, 2024



Captured May 13, 2024

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11



12    Captured May 13, 2024

13
14
15
16
17
18
19
20
21
22

23    Captured May 13, 2024

24        11.    Everything about these advertisements is false. The sales Defendants advertise are not

25    limited time-events where the Products are marked down from their regular retail prices because

26    Defendants' Products never retail at the purported regular price listed in strikethrough font. In fact,

27
28

1  the Products always retail at a much lower price than the "regular" price. And when the countdown

2  timer ends, the sales do not end. Instead, they are immediately replaced by a different sale offering

3  comparable discounts or Defendants simply restart the timer and begin the countdown to a false end

4  date.

5      12.    Plaintiff Minor bought including but not limited to the following products online on

6  Defendants' website on or about February 5, 2023: Shapermint Essentials Seamless Comfort Mid-

7  Waist Shaping Leggings Olive; Shapermint Essentials Seamless Comfort Mid-Waist Shaping

8  Leggings Black; Shapermint Essentials Seamless Comfort Mid-Waist Shaping Leggings Burgundy;

9  and Shapermint Essentials Seamless Comfort Mid-Waist Shaping Leggings Blue.

10     13.    Like other customers, when Plaintiff Minor bought the leggings, Defendants

11  advertised that a purported sale was going on and that the products were heavily discounted. When

12  Plaintiff Minor purchased the leggings from Defendants' website, the countdown timer indicated

13  that the purported sale would end in a limited time. Plaintiff Minor believed that the leggings she

14  purchased usually retailed for the displayed regular price of $50. She further believed that she was

15  getting a substantial discount from the regular price as the advertised sale purportedly discounted

16  the price(s) down to $19.99 and/or $17.99 and/or $21.99. Plaintiff Minor also believed that the sale

17  would end soon as a result of Defendants' prominent countdown timer.

18     14.    Plaintiff Ayanna purchased Products online from Defendants' website in June 2021.

19     15.    When Plaintiff Ayanna bought her Products, Defendants advertised that a purported

20  sale was going on for a limited time and that the Products were heavily discounted. Plaintiff Ayanna

21  believed the products usually retailed for the displayed regular price. She further believed that she

22  was getting a substantial discount from the regular price. Plaintiff Ayanna also believed that the sale

23  would end soon as a result of Defendants' countdown timer.

24     16.    These reasonable beliefs are what caused  Plaintiffs to buy from Defendants. If

25  Plaintiffs had known that the Products they purchased were not on sale, they would not have made

26  the purchase.

27

28

17.     In reality, Defendants advertised "regular" prices are not the prevailing regular prices, and the sales Defendants advertise are not really time-barred sales.

18.     For example, Defendants run the same sale for over ninety days, simply retitling the sale with a different name in accordance with a different theme, holiday or season (e.g., Holiday Sale, Semi-Annual Sale, Valentine's Day Sale, Presidents' Day Sale, Spring Sale) with one purportedly separate sale running immediately into the next such that the Products are never sold at their "regular prices."

19.     For example, on December 12, 2023, Defendants advertised a limited time 70 percent off "Holiday Sale":



Captured December12, 2023

20.     On January 2, 2024, Defendants again advertised a limited time 70 percent off sale, this time retitled as a "Semi-Annual Sale":



Captured January 2, 2024

7

CLASS ACTION COMPLAINT

21.    On February 11, 2024, Defendants advertised the same 70 percent off limited time sale as a "Valentine's Day Sale":



Captured February 11, 2024

22.    Had Defendants been truthful, Plaintiffs and other consumers would not have purchased the Products or would have paid less for them.

23.    In addition to using fake timers that countdown fake limited time sales, Defendants use a prominently displayed fake timer at checkout that reads "Your order is reserved for 59:00 minutes."



Captured March13, 2024

8

CLASS ACTION COMPLAINT

24.     This fifty-nine-minute countdown timer effectively rushes unwitting consumers, like Plaintiffs, to usher through the check-out process as fast as possible, requiring that contact information, shipping address information, and payment information, and a final consent to the order being processed all be completed within a fifty-nine minute time frame.  On information and belief, this timer is just another ruse, like the fake limited sales it advertises, which seeks to manipulate consumers into finalizing a purchase without second guessing, comparison shopping, or considering any of Defendants' hidden terms and conditions any of which might otherwise dissuade consumers from completing the purchase.  Indeed, believing that the sale was limited, and that the countdown timers were genuine, Plaintiffs rushed through the checkout process as fast as possible, inputting all the necessary information required in order to complete the transaction within the limited time that was only supposedly provided.

25.     In completing their purchases, Plaintiffs were not made aware of any additional terms and conditions that they would allegedly be assenting to in completing their purchases, including any purported agreements to arbitrate her claims and/or waive their right to a jury trial and/or waive their right to proceed on a class or representative action basis, nor did they have time to consider such additional terms and conditions had she been made aware of them in the first place due to Defendants' countdown timers, as described above.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction pursuant to California Code of Civil Procedure § 410.10.

27.     This Court has personal jurisdiction over Defendants because Defendants conduct and transact business in the State of California, and maintain their principal place of business in the State of California, and Plaintiffs are residents of the State of California.

28.     Moreover, two-thirds or more of Class Members (defined below) are citizens of the State of California.

29.     Venue is proper in this Court because Defendants are doing business in this County, and Defendants' conduct giving rise to the claims occurred in this District, including Plaintiff

CLASS ACTION COMPLAINT

1  Minor's purchase.

## **PARTIES**

3      30.    Plaintiff DAVIDA MINOR is an individual consumer who, at all times relevant to this action, was a citizen of and resided in California.

5      31.    Plaintiff Minor resides in the county of Los Angeles and purchased leggings from Defendants' website while residing in Los Angeles, County in or around February 2023.

7      32.    Plaintiff ASHA AYANNA is an individual consumer who, at all times relevant to this action, was a citizen of and resided in California.

9      33.    Plaintiff Ayanna resides in Fresno, California and made her purchase from Defendants' website in or around June 2021.

11      34.    Defendant FAVORITE WORLD, LLC is a Nevada Limited Liability Company that at all relevant times, was authorized to do business in the State of California and is doing business in California. Defendant FAVORITE WORLD, LLC does business as Shapermint.

14      35.    The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

19      36.    Plaintiffs are further informed and believes that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs are further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have

CLASS ACTION COMPLAINT

1    known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of

2    all other Defendants.

3    **FACTUAL ALLEGATIONS**

4    37.    Defendants manufacture, advertise, market, and/or sell shapewear, including but not

5    limited to, bras, underwear, leggings, camis, bodysuits, swim wear, among other related products

6    directly to consumers through the website, shapermint.com.

7    38.    Defendants' website creates an illusion that consumers are receiving a limited-time

8    discount. Defendants do this by advertising misleading limited-time sales, false "regular" prices,

9    and fake discounts based on the purported regular price.

10    <u>False limited-time sales:</u>

11    39.    Defendants' purported sales frequently advertise up to 70% discounts off purported

12    regular prices.

13    40.    On March 13, 2024, Defendants advertised a limited time Spring Sale offering up to

14    70% Off on their home page, which included a prominent banner displayed at the top indicating the

15    sale will end by the end of the day.



Captured March 13, 2024

41.    On March 13, 2024, upon clicking on the particular leggings products Plaintiff Minor purchased on or around February 5, 2023, as described *supra*, Defendants advertised the limited time sale:



Captured March 13, 2024



Captured March 13, 2024

/ / /

/ / /

CLASS ACTION COMPLAINT



Captured March13, 2024

Captured March13, 204

42.     On March 13, 2024, Defendants website indicated that the up to 70% off sale would end by the end of day. Unlike the countdown timer indicated, the next day, on March 14, 2024, Defendants advertised the same limited time Spring Sale offering up to 70% off, with the same prominently displayed timer/countdown banner again indicating the sale will end by end of the day.

1

2

3

4

5

6

7

8

9

10



Captured on March14, 2024

11    43.    On March 14, 2024, again upon clicking on a particular Product, Defendants

12    advertised the discounted sale price that would end at the end completion of the countdown timer :

13

14

15

16



17

18

19

20

21

22

23

Captured March 14, 2024

24    / / /

25    / / /

26    / / /

27

28

CLASS ACTION COMPLAINT



Captured March 14, 2024

Captured March14, 2024

Captured March14, 2024

CLASS ACTION COMPLAINT

44.    The following day, On March 15, 2024, Defendants restarted the countdown timer and advertised the same limited time Spring Sale offering up to 70% Off with a new countdown timer.



Captured March 15, 2024

45.    On March 15, 2024, again Defendants advertised the same limited sales on the Products:



Captured March15, 2024

///

///

16

CLASS ACTION COMPLAINT



Captured March15, 2024

46.    Defendants' website continuously represents that a sale is on the verge of ending by prominently displaying a countdown timer on the home page.

47.    On March 13, 2024, March 14, 2024, and March 15, 2024, Defendants' countdown timer at the top of the webpage indicated that the sale would end at the end of day.



Captured March 15, 2024

/ / /

/ / /

/ / /

/ / /

17



Captured March15, 2024

 38. The timers prominently displayed on Defendants' home page and each webpage counts down to midnight, at which point the sale will purportedly end.

 39. However, at midnight, the sale does not end. Instead, the same sale is advertised the next day with a new timer that again indicates the sale will expire at midnight. Thus, the day after day, for example, on March 14, 2024, and again on March 15, 2024, Defendants restarted the timer for the same "Spring Sale!" The timer again, indicated that the sale would end at midnight.

### SPRING SALE | Today's Deal ends in 7h 53m 12s

as Underwear Leggings Camis Packs & Bundles Best Sellers Spring Sale Com

Captured on March 14, 2024

 40. On information and belief, Defendants continue this practice on a daily basis. Rather than having a sale expire at midnight, as the website represents, Defendants instead change the timer the next day to indicate that the sale will end at midnight the same day. Each day, a new timer is set

1   up to countdown to midnight, at which point the purported sale will end. However, the "sale" never

2   ends and each day an updated timer appears on Defendants' website.

3        41.    Defendants' website persistently misleads consumers into believing that a sale is

4   ending soon, when in fact it does not.

5        <u>False regular prices and fake discounts:</u>

6        42.    Defendants' website also lists fake regular prices (that is, prices reflecting the list price

7   or value of an item) and purported discounts.

8        43.    For example, Defendants frequently advertise Products with significant discounts.



Captured March13, 2024



Captured March13, 2024

CLASS ACTION COMPLAINT

44.     When Plaintiffs made their purchase, the Products were purportedly on sale for a limited amount of time. Plaintiffs relied on these representations at the time of purchase.

45.     In reality, these sales were not for a limited time, and on information and belief, the products offered for sale on Defendants' website, including the Products Plaintiffs purchased, were never actually sold within the relevant statutory period at the listed retail price on which the purported discounted price is based. Moreover, Defendants run the same and/or similar sale(s) for more than three months such that the Products are never offered at the advertised "original" price in violation of California law. Plaintiffs relied on the represented list prices falsely believing they were in fact the prices that the Products were normally offered for sale outside the limited timeframe when a discounted sale price was offered.

46.     By listing fake regular prices and fake discounts, Defendants mislead consumers into believing that they are getting a good deal, and that they need to act fast in order to get the deal.

**A. Defendants' advertisements violate California Law**

47.     As the Federal Trade Commission states in its' *Guides Against Deceptive pricing,* "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the 'bargain' being advertised is a false one." 16 C.F.R. § 233.1. Advertising such false "bargains" is false, misleading, and unfair. Accordingly, it violates California's Unfair Competition law, which bans unlawful, unfair, or fraudulent" business acts and practices. *See* Cal. Bus. & Prof. Code § 17200.

**California's Consumers Legal Remedies Act**

48.     In addition, California's Consumers Legal Remedies Act, specifically prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(13). Defendants' advertisements make false statements regarding the time limits of the sale, when in fact the sale continues on a daily basis. Defendants' advertisements also make false statements about the existence of the sale, and the

1   amounts of price reductions, when in fact, the Products are never sold at the advertised "regular"

2   price.

3   **California's Unfair Competition Law**

4   49.   Further, under California law, "No price shall be advertised as a former price … unless

5   the alleged former price was the prevailing market price … within three months next immediately

6   preceding"). Cal. Bus. & Prof. Code § 17501. As described in further detail above, Defendants

7   advertise their Products using alleged former prices that were not the prevailing market prices within

8   the preceding three months.

9   50.   Moreover, the UCL defines unfair business competition to include any "unlawful,

10   unfair, or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

11   51.   A business act or practice is "unlawful" under the UCL if it violates any other law or

12   regulation.

13   52.   In addition, a business act or practice is "unfair" under the UCL if it offends an

14   established public policy or is immoral, unethical, oppressive, unscrupulous or substantially

15   injurious to consumers.

16   53.   Defendants' conduct violated California's Consumers Legal Remedies Act, Cal. Civ.

17   Code § 1770(1)(13), and California's unfair competition laws by advertising fake sales – that is,

18   sales with made up regular prices, made up discounts, and made up expirations that misled

19   consumers.

20   **Defendants' advertisements harm consumers.**

21   54.   Based on Defendants' advertisements, reasonable consumers would expect that the

22   listed regular prices are prices that Defendants sells its Products for. Reasonable consumers would

23   also expect that, if they purchase during the sale, they will receive a discount from the regular

24   purchase price.

25   55.   In addition, consumers are more likely to buy the product if they believe that the

26   product is on sale and that they are getting a substantial discount.

27

28

CLASS ACTION COMPLAINT

56.    Consumers that are presented with discounts are substantially more likely to make the purchase. For example, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[1]

57.    As such, Defendants' advertisements harm consumers by inducing them to make purchases based on false information.

**Plaintiffs were misled by Defendants' Misrepresentations.**

58.    On March 9, 2023, Plaintiff Minor bought at least four leggings products (described *supra*) from Defendants' website, shapermint.com, while living in the county of Los Angeles, California.

59.    Plaintiff Minor purchased the leggings for $17.99 and/or $19.99 and/or $21.99 per product plus tax. The products were advertised as being on sale for a limited time at the time Plaintiff Minor purchased the leggings. Plaintiff Minor's invoice represented that she was receiving a substantial discount for the leggings. The invoice falsely represented that the "regular" price of the leggings was $50 plus tax.

60.    In June 2021, Plaintiff Ayanna bought products from Defendants' website, shapermint.com, while living in Fresno, California.

61.    When Plaintiff Ayanna made her purchase, she believed the products were on sale for a limited time and falsely believed that she was receiving a substantial discount.

62.    Plaintiffs read and relied on the representations on Shapermint's website indicating that the products had the advertised "regular" price, and that they were receiving a discount as

---

[1] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com). https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html#:~:text=SocialBoost-,RetailMeNot%20Survey%3A%20Deals%20and%20Promotional%20Offers%20Drive%20Incremental%20Purchases%20Online,finding%20a%20coupon%20or%20discount. Last visited on April 16, 2024.

CLASS ACTION COMPLAINT

compared to the regular price. Plaintiffs would not have purchased the products if they knew that Defendants' Products were not on sale, and that they were not in fact receiving a discount.

## **CLASS ALLEGATIONS**

63.    Plaintiffs bring this class action pursuant Cal. Code. Civ. Proc. § 382 on behalf of the following class ("Class" or "Class Members"):

> All persons who, while in the state of California, purchased one or more of Defendants' Products advertised at a discount on Defendants' website at any time from four years preceding the filing of this Complaint through certification.

64.    Excluded from the from the Class are: (i) Defendants and their officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

65.    Plaintiffs reserve the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

66.    The Class is appropriate for certification because Plaintiffs can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

67.    <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiffs believe that there are hundreds of consumers who are Class Members described above who have been damaged by Defendants' practices.

68.    <u>Commonality</u>: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

  a.    Whether Defendants made false or misleading statements of fact in their advertisements;

  b.    Whether Defendants violated state consumer protection statutes;

CLASS ACTION COMPLAINT

c.  Whether Defendants practices violate California's Consumers Legal Remedies Act;

d.  Whether Defendants practices violate California's Unfair Competition law, California Business and Professions Code sections 17200, *et. seq.,*

e.  Damages needed to reasonably compensate Plaintiffs and Class Members; and

f.  Whether Plaintiffs and the proposed Class Members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit.

69.  <u>Typicality</u>: Plaintiffs are members of the Class they seek to represent. Plaintiffs' claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same unlawful conduct and purchased the Products advertised at a discount on Defendants' website. Plaintiffs are entitled to relief under the same causes of action as the other Class Members.

70.  <u>Adequacy</u>: Plaintiffs are adequate Class representatives because Plaintiffs' interests do not conflict with the interests of the Class Members Plaintiffs seek to represent; the alleged claims are common to all other members of the Class, and Plaintiffs have a strong interest in vindicating Plaintiffs' rights; Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to vigorously prosecute this action. Plaintiffs have no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiffs and proposed Class Counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiffs and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

71.  <u>Superiority</u>: The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.   The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.   The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c.   When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.   This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.   Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.   This class action will assure uniformity of decisions among Class Members;

g.   The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h.   Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

72.   In the alternative, the Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

73.   Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendants from engaging in the acts described, and to require Defendants to provide full restitution to Plaintiffs and Class members.

CLASS ACTION COMPLAINT

74.    Unless the Class is certified, Defendants will retain monies that were taken from Plaintiffs and Class members as a result of Defendants' wrongful conduct.

**FIRST CAUSE OF ACTION**
**Violation of California's Consumers Legal Remedies Act**
**(On behalf of Plaintiffs and Class Members Against Defendants)**

75.    Plaintiffs re-allege and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

76.    Plaintiffs bring this cause of action on behalf of Plaintiffs and Class Members.

77.    Plaintiffs and Class Members are "consumers," as the term is defined by California Civil Code § 1761(d).

78.    Plaintiffs and Class Members have engaged in "transactions" with Defendants as that term is defined by California Code Civil Procedure § 1761(e).

79.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in the sale of goods to consumers.

80.    As alleged fully above, Defendants made and disseminated untrue and misleading statements of facts in their advertisements to Class Members. Defendants did this by advertising limited-time offers that were not limited in time, using fake regular prices, and advertising fake discounts.

81.    Defendants violated, and contuse to violate, §1770(a)(13) of the California Civil Code by making false or misleading statements of fact concerning reasons for existence of, or amount of, price reductions on its website. Defendants have violated § 1770(a)(13) by (1) misrepresenting the regular price of products on its website, (2) advertising discounts and saving that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings on its website are available only for a limited time, when in fact they are not, and (4) regularly available.

82.    Defendants violated, and continue to violate, § 1770(a)(5) of the California Civil Code by representing that products offered for sale on its website have characteristics or benefits that they

26
CLASS ACTION COMPLAINT

do not have. Defendants represent that the value of their Products are greater than it actually is by advertising inflated regular prices and fake discounts for products.

83.     Defendants violated, and continue to violate, § 1770(a)(9) of the California Civil Code. Defendants violated this by advertising its products as being offered at a discount, when in fact Defendants do not intend to see the products at a discount.

84.     Defendants' representations were likely to deceive, and did deceive, Plaintiffs and other Class Members. Defendants knew, or should have known through exercise of reasonable care, that these statements were inaccurate and misleading.

85.     Defendants' misrepresentations were intended to induce reliance, and Plaintiffs saw, read and reasonably relied on them when purchasing Defendants' Products. Defendants' misrepresentations were a substantial factor in Plaintiffs' purchase decision.

86.     In addition, class-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., reasonable consumers would consider them important in deciding whether to buy Defendants' Products.

87.     Defendants' misrepresentations were substantial factor and proximate cause in causing damages and losses to Plaintiffs sand Class Members.

88.     Plaintiffs and Class members were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased Defendants' Products if they had known that the discounts, regular prices, and/or the limited-time offers were not real, and/or (b) they would have paid less for the Products.

89.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiffs, on behalf of herself and all other Class Members, seeks injunctive relief.

**<u>SECOND CAUSE OF ACTION</u>**
**Violation of California Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code § 17200 *et seq.***
**(On behalf of Plaintiffs and Class Members Against Defendants)**

CLASS ACTION COMPLAINT

90.    Plaintiffs re-allege and incorporate by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

91.    Defendants have violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

**The Unlawful Prong**

92.    Defendants engaged in unlawful conduct by violating the CLRA, as alleged above and incorporated here.

**The Deceptive Prong**

93.    As alleged in detail above, Defendants' representations that their Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

94.    Defendants' representations were misleading to Plaintiffs and other reasonable consumers.

95.    Plaintiffs relied on Defendants' misleading representations and omissions, as detailed above.

**The Unfair Prong**

96.    As alleged in detail above, Defendants committed "unfair" acts by falsely advertising that their Products were on sale, that the sale was limited in time, that the products had a specific regular price, and that the customers were receiving discounts.

97.    Defendants violated established public policy by violating the CLRA, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA).

98.    The harm to Plaintiffs and Class Members greatly outweighs the public utility of Defendants' conducts. There is no public utility to misrepresenting the price of a consumer product. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

CLASS ACTION COMPLAINT

99. Plaintiffs and the Class Members could not have reasonably avoided this injury.

100. As alleged above, Defendants' representations were deceptive to reasonable consumers, like Plaintiff.

101. Defendants' conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

102. For all prongs, Defendants' misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing Defendants Products. Defendants' representations were a substantial factor in Plaintiffs' purchase decision.

103. In addition, class-wide reliance can be inferred because Defendants' representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Defendants' Products.

104. Defendants' representations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and Class Members.

105. Plaintiffs and Class Members were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Products if they had known that they were not discounted, and/or (b) they overpaid for Defendants' Products because the Products are sold at the regular price and not at a discount.

## JURY DEMAND

106. Plaintiffs demand a trial by jury on all issues so triable.

///

///

///

///

///

///

///

29

CLASS ACTION COMPLAINT

## **REQUEST FOR RELIEF**

Plaintiffs, individually and on behalf of the Class, requests for judgment as follows:

(a)    Declaring this action to be a proper class action and certifying Plaintiffs as the representative of the Class, and Plaintiffs' attorneys as Class Counsel to represent the Class and Class Members;

(b)    An order declaring that Defendants' conduct violates the statutes referenced herein;

(c)    Entering preliminary and permanent injunctive relief against Defendants, directing Defendants to correct its practices and to comply with California's Consumers Legal Remedies Act;

(d)    Actual and compensatory damages for injuries suffered by Plaintiffs and Class Members;

(e)    Awarding Plaintiffs and Class Members statutory and exemplary damages where permitted;

(f)    Awarding Plaintiffs and Class Members restitution and disgorgement where permitted;

(g)    Awarding monetary damages, including treble damages as permitted by law;

(h)    For both pre- and post-judgment interest on any amounts awarded;

(i)    Awarding Plaintiffs and the Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiffs' attorneys and experts, and reimbursement of Plaintiffs' expenses and cost of suits; and

(j) Granting such other and further relief as the Court may deem just and proper.

Dated: April 19, 2024                              **CROSNER LEGAL, P.C.**

By:_____
                                           Brandon Brouillete
                                           Craig W. Straub
                                           Zachary M. Crosner
                                           Attorneys for Plaintiffs

30

CLASS ACTION COMPLAINT

## <u>Affidavit Pursuant To California Civil Code § 1780(D)</u>

I declare as follows: I am an attorney duly licensed to practice before all of the courts of the State of California. I am an attorney at the law firm of Crosner Legal, P.C., one of the counsel of record for plaintiff in the above-entitled action. Defendants have done, and are doing, business in California, including in this County. Such business includes the marketing, promotion, distribution, and sale of its product at issue.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed April 19, 2024, at Los Angeles, California.

**CROSNER LEGAL, P.C.**

By: _____
     Zachary M. Crosner

CLASS ACTION COMPLAINT