UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 24-4425-JFW(MRWx)** | Date: June 10, 2024 |

Title: David Minor, et al. -v- Favorite World, LLC, et al.

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**

On April 19, 2024, Plaintiffs Davida Minor and Asha Ayanna (collectively, "Plaintiffs") filed a putative Class Action Complaint in Los Angeles Superior Court, alleging that Defendant Favorite World LLC ("Defendant") violated California's Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"), and California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq*. ("UCL").  On May 28, 2024, Defendant removed this action to this Court, alleging that this Court has jurisdiction based on the Class Action Fairness Act ("CAFA").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Under CAFA, a party may avail itself of federal jurisdiction when the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100.  *See* 28 U.S.C. §§ 1332(d)(2); *see also Adams v. W. Marine Prods., Inc.,* 958 F.3d 1216, 1220 (9th Cir. 2020).  Although CAFA requires only minimal diversity, there are two exceptions to CAFA jurisdiction, "(1) the local controversy exception and (2) the home state exception."  *Id.* at 1223 (discussing that the exceptions are forms of abstention that courts may raise *sua sponte*).  "Under the local controversy exception, a district court 'shall' decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state."  *Id.* at 1220 (*citing* 28 U.S.C. § 1332(d)(4)(A)). The home state exception is comprised of mandatory and discretionary components:

> [T]he district court "shall" decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28

U.S.C. § 1332(d)(4)(B) (the "mandatory home state exception").  Under the second, a district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" when more than one-third of the putative class, and the primary defendants, are citizens of the state where the action was originally filed. 28 U.S.C. § 1332(d)(3) (the "discretionary home state exception").

*Id.*

Upon review of the Notice of Removal and Complaint, it is not clear that the Court may exercise subject matter jurisdiction over this action.  In the Notice of Removal, Defendant states that "[t]he citizenship of a limited liability company is determined by the citizenship of each of its members."  Notice of Removal, ¶ 14 (citations omitted).  However, pursuant to 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting that "under § 1332(d)(10), 'an unincorporated association [is] . . . deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'"); *see also Hernandez v. Pure Health Research LLC*, 2023 WL 7029213 (S.D. Cal. Oct. 25, 2023) (concluding that "in a CAFA case, where a party is an LLC, the LLC's citizenship shall be the State under whose laws it is organized and the State where it has its principal place of business"); *Lipp v. Carvin Software, LLC*, 2023 WL 4681612 (C.D. Cal. May 18, 2023) (concluding that CAFA created an exception to the typical rule that a limited liability company is a citizen of every state that its members are citizens).  Defendant alleges in the Notice of Removal that it is not a citizen of California because its sole member, Trafilea Holding Company "is a corporation organized under the laws of the Cayman Islands with its principal place of business in Uruguay."  Notice of Removal, ¶ 15.  However, Defendant has failed to allege the state under whose laws it is organized or the state where it has its principal place of business.  As a result, Defendant has failed to allege its citizenship.  Because Defendant failed to allege its citizenship, the Court cannot determine if subject matter jurisdiction under CAFA exists or if the local controversy exception or the home state exception apply to this action.[1]

Accordingly, Defendant is ordered to show cause, in writing, no later than **June 13, 2024**, why minimal diversity exists under CAFA and why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to this Order to Show Cause will result in the remanding of this action to Los Angeles Superior Court.

IT IS SO ORDERED.

---

[1] In their Complaint, Plaintiffs allege that "two-thirds or more of Class Members . . . are citizens of the State of California."  Complaint, ¶ 28.