Russell M. Selmont (SBN 252522)
   rselmont@ecjlaw.com
Pooja S. Nair (SBN 281972)
   pnair@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Defendant, Favorite World, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID MINOR and ASHA AYANNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAVORITE WORLD, LLC; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:24-CV-04425-JFW-MRW<br><br>*Hon. John F. Walter - Crtrm 7A*<br><br>**DEFENDANT FAVORITE WORLD, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND 12(b)(6)**<br><br>*[Filed Concurrently with Declaration of Pooja Nair; Proposed Order]*<br><br>Date:     September 9, 2024<br>Time:     1:30 p.m.<br>Crtrm.:  7A<br><br>*Action Filed:  April 19, 2024*<br><br>*Class Cert. Mot.: September 25, 2024*<br><br>*Trial Date: August 26, 2025* |

ERVIN COHEN & JESSUP LLP

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, September 9, 2024 at 1:30p.m., or as soon after as the matter may be heard, in Courtroom 7A of this Court, located at 350 W. 1st Street, Los Angeles, CA 90012 California, before the Honorable John F. Walter, attorneys for Defendant Favorite World, LLC move the Court for an order dismissing with prejudice the First Amended Complaint (Dkt. 22) of Plaintiffs Davida Minor and Asha Ayanna for lack of standing and failure to state a claim. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 23, 2024. The Parties met by videoconference and thoroughly discussed the substance of the potential resolution of the filed motion (Dkt. 35). Defendant previously filed this Motion on with an August 26, 2024 hearing date. Defendant and Plaintiffs stipulated to continue the hearing date of September 9, 2024, and filed a stipulation and proposed order (Dkt. 39). On August 7, 2024, the Court struck the previously-filed Motion as the hearing date was untimely (Dkt. 44). Defendant is therefore resubmitting the previously-filed motion with a new notice of Motion for a September 9, 2024 hearing date.

Defendant brings this Motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the proposed order granting the Motion, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this Motion, all other matters of which the Court may take judicial notice, and any other papers submitted in support of this Motion

DATED: August 7, 2024

ERVIN COHEN & JESSUP LLP
Russell M. Selmont
Pooia S. Nair

By:     */s/ Pooja S. Nair*
Pooja S. Nair
Attorneys for Defendant,
Favorite World. LLC

ERVIN COHEN & JESSUP LLP

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ......................................................................................... 1

II.     CASE HISTORY AND FACTUAL ALLEGATIONS ................................... 2

III.    LEGAL STANDARD .................................................................................. 3

     A.     Rule 12(b)(1) Standing................................................................... 3

     B.     Rule 8(a)(2) Pleading Standard ...................................................... 4

     C.     Rule 9(b) Pleading Standard .......................................................... 4

IV.    PLAINTIFFS LACK STANDING ............................................................... 6

     A.     Plaintiffs Lack Standing to Sue for Injunctive Relief Because
         They Have Not Alleged Any Threat of Future Injury and Have
         Not Pled That Legal Remedies Are Inadequate..................................... 6

     B.     Plaintiffs Lack Standing to Sue on Behalf of the Putative Class............ 8

V.     PLAINTIFFS' CLRA NOTICE WAS INADEQUATE ................................... 9

VI.    PLAINTIFFS FAIL TO MEET THE REQUIREMENTS OF RULE
     9(B)....................................................................................................... 11

VII.   PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF
     THE UNLAWFUL AND UNFAIR PRONGS OF THE UCL ...................... 16

     A.     Plaintiffs Have Not Sufficiently Alleged Unlawful Conduct ............... 16

     B.     Plaintiffs Have Not Sufficiently Alleged Unfair Conduct................... 16

VIII.  CONCLUSION ........................................................................................ 18

ERVIN COHEN & JESSUP ʟʟᴘ

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

5

*Allen v. Wright,*
    468 U.S. 737 (1984) .................................................................................. 3

6

7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................. 4

8

9

*B.C. v. Plumas Unified Sch. Dist.,*
    192 F.3d 1260 (1999) ................................................................................ 4

10

11

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................................. 4

12

*Bly-Magee v. California,*
    236 F.3d 1014 (2001) ................................................................................ 5

13

14

*Carrea v. Dreyer's Grand Ice Cream, Inc.,*
    2011 WL 159380 (2011) ........................................................................... 8

15

16

*Cattie v. Wal-Mart Stores Inc.,*
    504 F. Supp. 2d 939 (2007) .................................................................... 10

17

18

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
    631 F.3d 939 (2011) .................................................................................. 6

19

20

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983) .................................................................................... 6

21

22

*Davis. v. HSBC Bank Nevada, N.A.,*
    691 F.3d 1152 (2012) .............................................................................. 16

23

24

*Doe v. CVS Pharmacy, Inc.,*
    982 F.3d 1204 (2020) ........................................................................ 16, 17

25

*Fisher v. Eddie Bauer LLC,*
    2019 WL 9467922 (2019) ....................................................................... 15

26

27

*Frenzel v. AliphCom,*
    76 F. Supp. 3d 999 (2014) ...................................................................... 10

28

ERVIN COHEN & JESSUP LLP

ii
NOTICE OF MOTION AND MOTION TO DISMISS

*Haley v. Macy's, Inc.*,
   263 F. Supp. 3d 819 (2017) ................................................................ 7, 11

*Hodgers–Durgin v. de la Vina*,
   199 F.3d 1037 (1999) ............................................................................ 6

*Johns v. Bayer Corp.*,
   2010 WL 476688 (2010) ....................................................................... 9

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (2009) ................................................................ 5, 12, 13

*Lewis v. Casey*,
   518 U.S. 343 (1996) ......................................................................... 3, 8

*Luman v. Theismann*,
   2016 WL 1393432 (2016) ..................................................................... 6

*Marolda v. Symantec Corp.*,
   672 F. Supp. 2d 992 (2009) .................................................................. 5

*Millam v. Energizer Brands, LLC*,
   2022 WL 19001330 (2022), *aff'd*, 2024 WL 2988210 (2024) ........................... 17

*Moody v. Hot Topic, Inc.*,
   2023 WL 9511159 (2023) ................................................................ 13, 14

*Nazemi v. Specialized Loan Servicing, LLC*,
   637 F. Supp. 3d 856 (2022) ................................................................ 16

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ............................................................................ 6

*Perez v. Nidek Co.*,
   711 F.3d 1109 (2013) ........................................................................... 6

*Reese v. BP Exploration (Alaska) Inc.*,
   643 F.3d 681 (2011) ............................................................................ 4

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (2020) ............................................................................ 7

*In re Stac Elecs. Sec. Litig.*,
   89 F.3d 1399 (1996) ........................................................................... 12

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (2003) ........................................................................... 5, 11

*Warren v. Fox Family Worldwide, Inc.,*
    328 F. 3d 1136 (2003) ............................................................................. 3

NOTICE OF MOTION AND MOTION TO DISMISS

ERVIN COHEN & JESSUP LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Davida Minor and Asha Ayanna's (collectively "Plaintiffs") class action claims alleging violations of the California Consumer Legal Remedies Act and California's Unfair Competition Law (Cal. Bus. §17200) must be dismissed on several grounds.

The injunctive relief claims under the CLRA must be dismissed because Plaintiffs lack standing to sue for injunctive relief. They neither plead a plausible threat of future harm to themselves nor explain why equitable relief is appropriate given that a legal remedy is available.

The damages claim under the CLRA similarly fails because Plaintiffs cannot carry the water on the myriad of products they seek to include in the class. Indeed, Plaintiffs only purchased leggings and shorts, but their claims span every product.

Plaintiffs have also not met the CLRA notice requirement because their notice did not identify the subject purchases at issue or any specific marketing campaign that allegedly injured Plaintiffs. This lack of sufficient specificity also bleeds into the First Amended Complaint ("FAC") as Plaintiffs fail to meet the particularity requirements under Rule 9(b) for their claims sounding in fraud.

Plaintiffs' claims under the UCL must also be dismissed because they fail to meet both the unlawfulness and unfairness requirements. Concerning the unlawfulness prong, because Plaintiffs' CLRA claims are insufficient, they are unable to allege violations of a borrowed statute as required under the UCL. On the unfairness prong, Plaintiffs allege nothing more than a conclusory recitation of the UCL legal standards, which is insufficient under prevailing case law.

Plaintiffs have filed a conclusory, overreaching, and unsustainable class action suit that must be dismissed.

/ / /

/ / /

## II.   <u>CASE HISTORY AND FACTUAL ALLEGATIONS</u>

This action was filed on April 19, 2024, and removed to federal court on May 28, 2024, under the  Class Action Fairness Act ("CAFA"). (Dckt. 1.) On May 28, 2024, one month after the initial Complaint was filed, three years after Plaintiff Ayanna's first purchase, and over a year after Plaintiff Minor's first purchase, Plaintiffs sent Shapermint a CLRA demand letter. (Dckt. 22, FAC, Ex. A.) Plaintiffs then filed their First Amended Complaint ("FAC") on July 3, 2024. (Dckt. 22.)

Plaintiff Minor essentially alleges that, on February 5, 2023, she bought discounted Shapermint Essentials Comfort Mid-Waist Shaping Leggings from Shapermint's website, which contained a sale countdown timer.  (FAC, ¶20-21.) Plaintiff Ayanna alleges that she purchased discounted Empetua shorts on June 11, 2021. (FAC, ¶ 24.)

Neither Plaintiff alleges that the quality of the products was unsatisfactory, or that they did not receive the exact products they purchased.  Plaintiffs also do not allege that the items purchased were worth less than the amount Plaintiffs paid for them, and indeed make no allegations about the actual value of the products they purchased from Shapermint.

Plaintiffs further allege that Defendant sells its products at different price points during different sales. (FAC, ¶¶29-32.) For example, according to the purported screen capture, the olive color Shapermint Essentials Comfort Mid-Waist Shaping Leggings were sold for $25.99 on July 3, 2024, and for a different price of $19.99 on March 14. 2024. (FAC, ¶¶35, 38.)

Plaintiffs allege that Defendants' use of timers and limited time sales "persistently misleads consumers into believing that a sale is ending soon, when in fact it does not." (FAC, ¶¶39-42.)  Plaintiffs allege that "Defendant's advertisements harm consumers by inducing them to make purchases based on false information." (FAC, ¶59.)

Plaintiffs seek to bring the action on behalf of a putative Class of "[a]ll persons

in California who purchased one or more of Defendant's Products advertised at a discount on Defendant's website at any time from four years preceding the filing of this Complaint through certification." (FAC, ¶63.)  Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the Class. (FAC, ¶¶ 73, 89.)

Plaintiffs allege that pursuant to California Civil Code §1782, "Plaintiffs notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that Defendant rectify the problem associated with the acts and practices described above." (FAC, ¶90.) Plaintiffs allege that "Defendant has failed to rectify the problems associated with the actions detailed" in Plaintiffs' letter and accordingly, Plaintiffs "seek actual, punitive, and statutory damages." (FAC, ¶90.)

## III.   LEGAL STANDARD

### A.    Rule 12(b)(1) Standing

Rule 12(b)(1) requires dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where the face of the complaint does not demonstrate a basis for standing, the Court should dismiss the action." *Warren v. Fox Family Worldwide, Inc.*, 328 F. 3d 1136, 1139 (9th Cir. 2003).

To establish a "case or controversy" within the meaning of Article III, a plaintiff must, at an "irreducible minimum," show an "injury in fact" that is concrete and not conjectural, a causal connection between the injury and defendant's conduct or omissions, and a likelihood that the injury can be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61; *see also Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984).

Article III standing may not be established by using a class action as a back door or loophole. The fact that an individual plaintiff has filed a putative class action complaint does not negate the requirement that the plaintiff establish individual standing to bring suit against each defendant. *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("[E]ven named plaintiffs who represent a class must allege and show that they

ERVIN COHEN & JESSUP LLP

1   personally have been injured, not that injury has been suffered by other, unidentified
2   members of the class to which they belong and which they purport to represent."
3   (internal quotation omitted)); *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264
4   (9th Cir. 1999) ("A class of plaintiffs does not have standing to sue if the named
5   plaintiff does not have standing.").

6   ### B.   Rule 8(a)(2) Pleading Standard

7   Rule 8(a)(2) requires a party's pleading to contain "a short and plain statement
8   of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This
9   requires a plaintiff to set forth in the complaint sufficient facts to "state a claim for
10   relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
11   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausibility
12   standard" requires "more than a sheer possibility that a defendant has acted
13   unlawfully" and is satisfied only "when the plaintiff pleads factual content that allows
14   the court to draw the reasonable inference that the defendant is liable for the
15   misconduct alleged." *Id.* In engaging in this analysis, courts "accept all well-pled
16   factual allegations as true and construe them in the light most favorable to [the
17   plaintiff]." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).
18   "Threadbare recitals of the elements of a cause of action, supported by mere
19   conclusory statements" are not well-pled and therefore not entitled to the presumption
20   of truth. *See Iqbal*, 556 U.S. at 678; *see also Twombly* 550 U.S. at 555 (stating that
21   courts "are not bound to accept as true a legal conclusion couched as a factual
22   allegation") (internal quotation marks omitted). "[W]here the well-pleaded facts do
23   not permit the court to infer more than the mere possibility of misconduct," the
24   complaint does not state a plausible claim for relief and cannot survive a motion to
25   dismiss. *Iqbal*, 556 U.S. at 679.

26   ### C.   Rule 9(b) Pleading Standard

27   Rule 9(b) requires that, when fraud is alleged, "a party must state with
28   particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Allegations

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1   of fraud must be "specific enough to give defendants notice of the particular

2   misconduct . . . so that they can defend against the charge and not just deny that they

3   have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.

4   2001). Thus, "[a]verments of fraud must be accompanied by 'the who, what, when,

5   where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317

6   F.3d 1097, 1106 (9th Cir. 2003).

7       In the Ninth Circuit, UCL claims brought under the CLRA and the "fraudulent"

8   prong of the UCL and CLRA claims are deemed to "sound in fraud" and must be pled

9   with particularity. *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1127–28 (9th Cir. 2009)

10  ("The requirement in Rule 9(b) of the Federal Rules of Civil Procedure that

11  allegations of fraud be pleaded with particularity applies to claims which are made in

12  federal court under the CLRA and UCL. We hold that Kearns's entire TAC was

13  grounded in fraud. Thus, under Rule 9(b), Kearns's failure to plead his claims with

14  particularity merited that complaint's dismissal."). *See also Marolda v. Symantec

15  Corp.*, 672 F. Supp. 2d 992, 1004 (N.D. Cal. 2009) (holding that although "fraud is

16  not a necessary element of a successful UCL claim, when fraud is alleged, the

17  heightened pleading standard of Rule 9(b) applies") (citing *Kearns*, 567 F.3d at 1125).

18      "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b)

19  for failure to plead with particularity is the functional equivalent of a motion to

20  dismiss under Rule 12(b)(6) for failure to state a claim" and therefore "dismissals

21  under the two rules are treated in the same manner." *Vess v. Ciba-Geigy Corp. USA*,

22  317 F.3d 1097, 1107 (9th Cir. 2003) (citing *Lovelace v. Software Spectrum, Inc.*, 78

23  F.3d 1015, 1017 (5th Cir. 1996) ("We treat a dismissal for failure to plead fraud with

24  particularity under Rule 9(b) as a dismissal for failure to state a claim upon which

25  relief can be granted.").

26  / / /

27  / / /

28  / / /

IV.   <u>**PLAINTIFFS LACK STANDING**</u>

A.   <u>**Plaintiffs Lack Standing to Sue for Injunctive Relief Because They Have Not Alleged Any Threat of Future Injury and Have Not Pled That Legal Remedies Are Inadequate**</u>

The basic pre-requisites to allege equitable relief are for Plaintiffs to show the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law.  *O'Shea v. Littleton*, 414 U.S. 488 (1974). The FAC fails on both grounds. First, Plaintiffs do not allege any threat of future injury to themselves. Second, Plaintiffs have failed to plead that legal remedies are inadequate and equitable relief is necessary. Therefore, Plaintiffs claims for equitable relief must be dismissed from the Complaint.

The Supreme Court has found that an equitable remedy "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). To have standing to seek injunctive relief, a plaintiff must "demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Fortyune v. Am. Multi–Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). Classwide injunctive relief is only available if "the named plaintiffs are themselves entitled to seek injunctive relief." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

In the context of false advertising cases, the Ninth Circuit has repeatedly held that a plaintiff lacks standing to seek injunctive relief if they do not allege a risk of being deceived in the future. *See, e.g., Luman v. Theismann*, No. 14-15385, 2016 WL 1393432, at *1 (9th Cir. Apr. 8, 2016) (affirming dismissal of CLRA and FAL claims because plaintiff did not allege that she would be injured by the allegedly deceptive advertisement in the future); *Perez v. Nidek Co.*, 711 F.3d 1109, 1114 (9th Cir. 2013)

ERVIN COHEN & JESSUP LLP

1  (affirming dismissal of CLRA claim when there was no evidence or allegation that

2  plaintiff intended further use of service at issue).

3     The FAC includes the following allegations as to how Plaintiffs were harmed

4  by Defendant's alleged conduct: "Plaintiffs and Class members were injured as a

5  direct and proximate result of Defendant's conduct because (a) they would not have

6  purchased Defendant's Products if they had known that the discounts, regular prices,

7  and/or the limited-time offers were not real, and/or (b) they would not have purchased

8  the same quantity of Defendant's Products if they had known that the discounts,

9  regular prices, and/or the limited-time offers were not real, and/or (c) they would have

10 paid less for the Products than they actually paid." (FAC, ¶88.) Plaintiffs rely on those

11 allegations of damage to support their claim for injunctive relief. (FAC, ¶89.)

12    Plaintiffs do not allege any likelihood that they will be wronged again if

13 injunctive relief is not granted, and this failure in the pleadings is fatal to their claim

14 for injunctive relief. Plaintiffs do not make the basic allegation that they intend to buy

15 products from Shapermint in the future, let alone that they are likely to be misled in

16 making future purchases.  Plaintiffs lack standing to assert claims for injunctive relief.

17 Even if Plaintiffs were given leave to amend the complaint, it is implausible that

18 Plaintiffs risk being harmed by the same alleged pricing scheme again now that they

19 are aware of how it works. *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824–25 (N.D.

20 Cal. 2017).

21    Additionally, Plaintiffs have not pled that legal remedies and monetary

22 damages are inadequate such that injunctive relief is necessary. The Ninth Circuit has

23 held that a plaintiff "must establish that she lacks an adequate remedy at law before

24 securing equitable restitution for past harm under the UCL and CLRA." *Sonner v.

25 Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

26    Plaintiffs seek monetary damages. (*See e.g.,* FAC. ¶¶ 68(e), 87, 104.)

27 Specifically, Plaintiffs pray for an award of "[a]ctual and compensatory damages for

28 injuries suffered by Plaintiffs and Class Members," "statutory and exemplary

ERVIN COHEN & JESSUP LLP

1   damages where permitted," and "monetary damages, including treble damages as
2   permitted by law." (Prayer For Relief ¶¶ d, e, g.)  The FAC makes no allegation that
3   monetary damages are inadequate such that injunctive relief is necessary.

4        **B.        Plaintiffs Lack Standing to Sue on Behalf of the Putative Class**

5        The FAC broadly defines the putative class as: "All persons in California who
6   purchased one or more of Defendant's Products advertised at a discount on
7   Defendant's website at any time from four years preceding the filing of this Complaint
8   through certification." (FAC, ¶63.)

9        Plaintiffs admit and allege that Shapermint sells a wide variety of products,
10  including bras, underwear, leggings, camis, bodysuits, and swim wear. (FAC, ¶4.)
11  Plaintiffs allege only that they purchased three specific products: Comfort Mid-Waist
12  Shaping Leggings, Empetua Everyday Soothing Short, and Classic Empetua Fresh
13  Control Mid-Waist Shaper Bike Shorts. (FAC, ¶¶20, 24.) The screenshots of the
14  alleged representation included in the FAC show listings between December 2023
15  and March 2024 for only one specific product—Shapermint Essentials Seamless
16  Comfort Mid-Waist Shaping Leggings, which Plaintiff Minor purchased in February
17  2023. (FAC, ¶¶13, 33, 35, 37, 38.)  Plaintiffs have not sufficiently alleged facts
18  sufficient to justify the extremely broad putative class of every consumer who has
19  purchased any type of product whatsoever from Shapermint's website in the past four
20  years.

21       The Supreme Court has held that "even named plaintiffs who represent a class
22  'must allege and show that they personally have been injured, not that injury has been
23  suffered by other, unidentified members of the class to which they belong and which
24  they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal
25  citations and quotations omitted).  A plaintiff has standing to assert injury based on
26  false advertising only if the plaintiff experienced injury stemming from the purchase
27  of that product. *See Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10–01044 JSW,
28  2011 WL 159380, at *3 (N.D.Cal. Jan.10, 2011) (dismissing claims based on products

ERVIN COHEN & JESSUP LLP

1  other than those purchased by the plaintiff).

2  In *Johns v. Bayer Corp.*, the trial court held that a Plaintiff with an alleged

3  injury based upon a specific misrepresentation on a product he purchased could not

4  "expand the scope of his claims to include a product he did not purchase or

5  advertisements relating to a product that he did not rely upon." *Johns v. Bayer Corp.*,

6  No. 09CV1935DMSJMA, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010).

7  This is exactly what Plaintiffs are seeking to do here. Plaintiff Minor alleges

8  that she purchased four pairs of Shapermint Essentials Comfort Mid-Waist Shaping

9  Leggings in February 2023, and Plaintiff Ayanna alleges that she purchased one pair

10  of Everyday Smoothing Short and one pair of Mid-Waist Shaper Bike Shorts in

11  January 2021. The only advertisements that the FAC alleges Plaintiffs were exposed

12  to is a single Summer Ready 2021 sale for Plaintiff Ayanna and a single Valentine's

13  Day February 2023 sale for Plaintiff Minor. (FAC, ¶¶20, 24.)  The FAC does not

14  allege that Plaintiffs themselves were exposed to a targeted advertising campaign

15  covering every product sold by Shapermint.  In light of the limited allegations as to

16  the purchases that the representative Plaintiffs made, and the advertisements they

17  were exposed to, Plaintiffs lack standing to represent the broadly-defined putative

18  class of every California consumer who has purchased any product from the

19  Shapermint website.

20  **V.  PLAINTIFFS' CLRA NOTICE WAS INADEQUATE**

21  California Civil Code §1782 provides that: "[t]hirty days or more prior to the

22  commencement of an action for damages pursuant to this title, the consumer shall do

23  the following: (1) Notify the person alleged to have employed or committed methods,

24  acts, or practices declared unlawful by Section 1770 of the particular alleged

25  violations of Section 1770; (2) Demand that the person correct, repair, replace, or

26  otherwise rectify the goods or services alleged to be in violation of Section 1770. The

27  notice shall be in writing and shall be sent by certified or registered mail, return receipt

28  requested, to the place where the transaction occurred or to the person's principal place

1  of business within California."

2      Courts have held that the pre-litigation notice requirement in the CLRA must
3  be "literally applied and strictly construed." *See Outboard Marine*, 52 Cal. App. 3d
4  at 40-41; *Cattie v. Wal-Mart Stores Inc.*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007).
5  Additionally, a plaintiff must "provide notice regarding each particular product on
6  which his CLRA damages claims are based, even where the products qualify as
7  substantially similar." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1016 (N.D. Cal.
8  2014).

9      Both the CLRA notice and the initial complaint state that Plaintiff Minor
10  purchased four pairs of Shapermint Essentials Seamless Comfort Mid-Waist Shaping
11  Leggings from Shapermint on February 5, 2023. The CLRA notice alleges that
12  Plaintiff Ayanna purchased "products from Defendants' website, shapermint.com,
13  while living in Fresno, California."  (Dkt. 22, Ex. 1.)  Neither the CLRA notice nor
14  the initial Complaint alleged what product Plaintiff Ayanna purchased, or what
15  advertisements she relied on.  (Dkt. 22, Ex. 1; Dkt. 1.) Nor do they include any order
16  number for Plaintiff Minor's purchases.

17      The CLRA notice states: "we hereby demand on behalf of our clients and all
18  other similarly situated that Defendant immediately correct and rectify these
19  violations by ceasing the misleading marketing campaign, ceasing dissemination of
20  false and misleading information as described in the enclosed draft Complaint, and
21  initiating a corrective advertising campaign to re-educate consumers regarding the
22  truth of the Product at issue. In addition, Defendant must offer to refund the purchase
23  price to all consumer purchasers of the Product, plus provide reimbursement for
24  interest, costs, and fees." (Dckt. 22, Ex. 1.)

25      The CLRA Notice fails to identify any specific marketing campaign or
26  promotion that Plaintiffs were exposed to. The corrective action requested is tied to
27  one product, but the scope of the CLRA Notice and the initial complaint extended to
28  every product sold on Defendant's website at a discount. There was therefore no way

ERVIN COHEN & JESSUP LLP

11312960.1

10

NOTICE OF MOTION AND MOTION TO DISMISS

1  for Defendant to have taken corrective action in response to the CLRA Notice.

2  Plaintiffs cannot use their filing of a more specific FAC to bypass the strict

3  requirements of CLRA pre-litigation notice.

4  **VI.   <u>PLAINTIFFS FAIL TO MEET THE REQUIREMENTS OF RULE 9(B)</u>**

5        The FAC alleges a fraudulent scheme. Specifically, the FAC alleges that

6  Defendant's website "persistently misleads consumers into believing that a sale is

7  ending soon, when it fact it does not."  (FAC, ¶42.) The FAC further alleges that

8  "Defendant's website also lists fake regular prices (that is, prices reflecting the list

9  price or value of an item) and purported discounts." (FAC, ¶43.) Plaintiffs base their

10 claims under the UCL and the CLRA on alleged misrepresentations by Defendant.

11 (FAC, ¶¶101-103.)  Therefore, Plaintiffs' causes of action under the CLRA and the

12 UCL are both subject to the heightened pleading requirements of Rule 9(b). *See Vess*

13 *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-05 (9th Cir. 2003) (holding that the

14 Rule 9(b) pleading standards apply to California CLRA, FAL, and UCL claims

15 because the basis of plaintiff's claims was a fraudulent course of conduct).

16        Plaintiff concurrently allege multiple theories of misrepresentation. They

17 contend: (1) Defendant's sales were not for a limited time; (2) products offered for

18 sale on Defendant's website were never actually sold within the relevant statutory

19 period at the listed retail price on which the purported discount is based; and (3)

20 Defendant runs the same or similar sales for more than three months such that the

21 products are never offered at the advertised original price. (FAC, ¶46.) Plaintiffs also

22 allege that a sales countdown timer being included on various pages of the Shapermint

23 website constitutes a representation that "the Products were purportedly on sale for a

24 limited amount of time. (FAC, ¶45.) In such circumstances, where multiple theories

25 of fraud are pled in a complaint, courts have held that clear allegations with a factual

26 basis are necessary to survive a motion to dismiss. *Haley*, 263 F. Supp. at 824 (N.D.

27 Cal. 2017).

28        "Rule 9(b) serves to give defendants adequate notice to allow them to defend

ERVIN COHEN & JESSUP LLP

against the charge and to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect professionals from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (internal quotations omitted).

The Ninth Circuit has articulated the standard necessary to meet the Rule 9(b) standard for UCL and CLRA claims. In *Kearns*, the Ninth Circuit held that the plaintiff's UCL and CLRA claims alleging false advertising and fraud in the sale of certified pre-owned vehicles ("CPO") lacked sufficient particularity. The plaintiff claimed that Ford made false and misleading statements concerning the safety and reliability of the vehicles. *Kearns*, 567 F.3d at 1127–28. Specifically, he alleged that Ford misrepresented the quality of the complete repair and accident-history report, the level of training that CPO technicians received, and the rigor of the certification inspection. *Id.* at 1123. The plaintiff asserted that he was exposed to these representations through television ads, sales materials, and sales personnel and that he purchased a CPO vehicle in reliance on these representations. *Id.* at 1125-26.

The Ninth Circuit found that these allegations were insufficient, holding:

"[n]owhere in the TAC does Kearns specify what the television advertisements or other sales material specifically stated. Nor did Kearns specify when he was exposed to them or which ones he found material. Kearns also failed to specify which sales material he relied upon in making his decision to buy a CPO vehicle. Kearns does allege that he was specifically told 'CPO vehicles were the best used vehicles available as they were individually hand-picked and rigorously inspected used vehicles with a Ford-backed extended warranty.' Kearns does not, however, specify who made this statement or when

ERVIN COHEN & JESSUP LLP

1  this statement was made. Kearns failed to articulate the who, what,

2  when, where, and how of the misconduct alleged. The pleading of

3  these neutral facts fails to give Ford the opportunity to respond to the

4  alleged misconduct. Accordingly, these pleadings do not satisfy the

5  requirement of Rule 9(b) that 'a party must state with particularity the

6  circumstances constituting fraud....' Because Kearns failed to plead

7  his averments of fraud with particularity, we affirm the district court's

8  dismissal of his TAC."

9        *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

10      The FAC alleges that Plaintiffs purchased products from Shapermint at a

11  discount, and then speculates that Shapermint listed "fake regular prices and fake

12  discounts," thus "mislead[ing] consumers into believing that they are getting a good

13  deal, and that they need to act fast in order to get the deal."  (FAC, ¶47.) However,

14  Plaintiffs make no specific allegations about any prices, sales offering, or countdown

15  timers on the Shapermint website **before** Plaintiffs made their purchases. The

16  allegations instead focus almost entirely on unverified screen captures taken ten

17  months after Plaintiff Minor's purchase and two and a half years after Plaintiff

18  Ayanna's purchase.  (FAC, ¶¶29-32.)

19      *Moody v. Hot Topic, Inc.*, No. EDCV230447JGBSPX, 2023 WL 9511159

20  (C.D. Cal. Nov. 15, 2023), is instructive as it deals with the same type of allegations

21  as Plaintiffs present here.  In that recent case, Plaintiffs alleged deceptive pricing

22  based on purported discounts located on banners at the top of each page, product

23  descriptions, and checkout pages. *Moody*, 2023 WL 9511159, at *7.  Plaintiffs listed

24  the items they purchased from Defendant's website along with the discounts they

25  purportedly received and the "regular" price listed for each item. However, the Court

26  held: "while the FAC alleges that the purported discounts were advertised in those

27  places, it does not connect those promotions to Plaintiffs' purchasing experience: it

28  does not state whether Plaintiffs saw those discount promotions during their

13

ERVIN COHEN & JESSUP LLP

1  purchases, when Plaintiffs viewed those promotions, and which of those various

2  promotions (e.g., the banner, the "regular" price on the checkout page, or the product

3  description) Plaintiffs found material and relied upon." *Id.* The Court therefore found

4  that the FAC did not satisfy Rule 9(b)'s heightened pleading standard. *Id.*

5  The FAC suffers from the same deficiency as the causes of action that were

6  dismissed in *Moody*. Plaintiffs do not allege what specific advertisements they saw

7  and relied on in making their purchases. Instead, Plaintiffs merely allege that a

8  purported sale was going on prior to their purchase and that the products they

9  purchased had a displayed regular price. (FAC, ¶¶21, 24.)

10  However, Plaintiffs fail to offer any specifics as to the exact representations

11  they each relied on in making their purchase, and fail to allege which representations

12  were material to their decision to buy the three products they purchased. Instead,

13  Plaintiffs' allegations about their purchases focus on Plaintiffs' beliefs without tying

14  them to any specific representations by Defendants that caused reliance. The FAC

15  alleges: "Plaintiff Minor believed that the leggings she purchased usually retailed for

16  the displayed regular price of $50. She further believed that she was getting a

17  substantial discount from the regular price as the advertised sale purportedly

18  discounted the price(s) down to $19.99 and/or $17.99 and/or $21.99. Plaintiff Minor

19  also believed that the sale would end soon as a result of Defendant's prominent

20  countdown timer." (FAC, ¶21.) With regard to Plaintiff Ayanna, the FAC states that

21  both items she purchased "were significantly marked down from their displayed

22  regular prices. Like Plaintiff Minor, Plaintiff Ayanna believed that the items she

23  purchased usually retailed for the displayed regular prices that were listed. She also

24  believed she was getting a substantial discount from the regular price as the advertised

25  sale purportedly discounted the prices by a substantial margin and that the advertised

26  sale was for a limited time only." (FAC, ¶24.) Plaintiffs do not tie their alleged beliefs

27  to any particular advertisement or sales banner they viewed and on which they relied

28  to make their purchase.

Plaintiffs also offer no factual support for their claim that the displayed regular prices on the purchases they made were deceptive, other than unattributed screen captures made between ten months and two and a half years *after* Plaintiffs' purchases, on which Plaintiffs plainly could not have relied. The FAC does not make any allegations as to what the prices for the items Plaintiffs purchased were during the 90 days preceding their purchase.

Additionally, Plaintiffs' allegations about their purchases are insufficient to support the extremely broad allegations in the Complaint. In *Fisher v. Eddie Bauer LLC*, the district court found that "the particular facts pled by Fisher regarding two products purchased at a single store are insufficient to support his broader allegation of a fraudulent pricing scheme involving almost all merchandise at Eddie Bauer outlet stores*." Fisher v. Eddie Bauer LLC*, No. 19CV857 JM (WVG), 2019 WL 9467922, at *6 (S.D. Cal. Oct. 18, 2019).  The court held: "[w]hile Fisher may be entitled to a relaxation of the heightened standard for pleading fraud under Rule 9(b) because he cannot reasonably be expected to have access to the full extent of Eddie Bauer's outlet store pricing practices." *Id.* The Court found that "[t]o allow such narrow facts to support such a broad allegation would require the relaxation of Rule 9(b) to the point of its incapacitation." *Id.*

Plaintiffs have alleged that they purchased two pairs of shorts in June 2021 and four pairs of leggings in February 2023. They are seeking to engage on a fishing expedition to investigate every product sold at a discount on the Shapermint website from 2021 to the present. Permitting Plaintiffs to go on a quest for unknown wrongs when the facts about Plaintiffs' purchases are so narrowly-pled would defeat the purpose of Rule 9(b) to avoid such fishing expeditions.

/ / /

/ / /

/ / /

/ / /

**VII.** **PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE**
**UNLAWFUL AND UNFAIR PRONGS OF THE UCL**

    **A.** **Plaintiffs Have Not Sufficiently Alleged Unlawful Conduct**

A business practice violates the unlawful prong only where there is some other related violation of the law. *Davis. v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012) ("To be 'unlawful' under the UCL, the [challenged practice] must violate another 'borrowed' law."). Plaintiffs allege that they meet the unlawful prong due to violations of the CLRA and violation of the California False Advertising Law ("FAL"). (FAC, ¶¶93-100.) For the reasons stated above, the Complaint does not adequately allege that Defendant violated the CLRA.

Plaintiffs fail to state a violation of the FAL. Plaintiffs allege a violation of section 17501 of the California Business and Professions Code and claims that "Defendant advertises their Products using alleged former prices that were not the prevailing market prices within the preceding three months." (FAC, ¶50.)  However, Plaintiffs allege no specific facts regarding the price of the products in the three months *preceding* Plaintiffs' purchases on June 11, 2021 and February 5, 2023. (FAC, ¶¶20, 24.)  Instead, Plaintiffs assert on information and belief that "Defendant runs the same and/or similar sale(s) for more than three months…." (FAC, ¶36.)

Therefore, Plaintiffs' UCL claim therefore fails to meet the unlawful prong.

    **B.** **Plaintiffs Have Not Sufficiently Alleged Unfair Conduct**

Plaintiffs' conclusory allegations fail to satisfy any test for an unfair prong violation. The Ninth Circuit has held that courts may consider three tests when analyzing the unfair prong of the UCL. *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020). When a plaintiff fails "to plead these [unfairness] issues," it "leaves the Court 'to guess what conduct Plaintiff alleged satisfied the 'unfair' prong of the UCL.'" *See Nazemi v. Specialized Loan Servicing, LLC*, 637 F. Supp. 3d 856, 864 (C.D. Cal. 2022) (quoting *CVS Pharmacy*, 982 F.3d at 1215)).

The first test is "whether the challenged conduct is 'tethered to any underlying

ERVIN COHEN & JESSUP LLP

1   constitutional, statutory or regulatory provision, or that it threatens an incipient

2   violation of an antitrust law.'" *CVS Pharmacy*, 982 F.3d at 1214 (quoting *Durell v.*

3   *Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010)).

4        The second test is "whether the practice is 'immoral, unethical, oppressive,

5   unscrupulous or substantially injurious to consumers.'" *CVS Pharmacy*, 982 F.3d at

6   1214-15 (quoting *Morgan v. AT&T Wireless Servs.*, Inc., 177 Cal. App. 4th 1235,

7   1254 (2009)). Here, Plaintiffs merely plead a conclusory recitation of this standard.

8   (FAC, ¶ 109.) That is not sufficient. Courts have repeatedly dismissed UCL claims

9   that consist of a "conclusory recitation of one of the UCL's legal standards" without

10  specification as to "what conduct [the plaintiffs] claim is unfair, or on what allegations

11  in the complaint [plaintiffs] rely for this claim." *CVS Pharmacy*, 982 F.3d at 1215;

12  *see, e.g.*, *Millam v. Energizer Brands, LLC*, No. 5:21-CV-01500-JWH-SHKX, 2022

13  WL 19001330, at *6 (C.D. Cal. Dec. 9, 2022), *aff'd*, No. 23-55192, 2024 WL 2988210

14  (9th Cir. June 14, 2024) ("However, merely stating that a practice 'was unfair because

15  defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious

16  to consumers" and then offering conclusions that the utility does not outweigh the

17  gravity of the harm—as Plaintiffs do here—is insufficient to establish an unfair-prong

18  claim under the UCL.").

19       The third test is "whether the practice's impact on the victim outweighs 'the

20  reasons, justifications and motives of the alleged wrongdoer.'" *CVS Pharmacy*, 982

21  F.3d at 1215 (quoting *Morgan*, 177 Cal. App. 4th at 1254). Again, where Plaintiffs

22  only "assert in a conclusory fashion" that the impact on the victim "outweighs any

23  justification, motive, or reason therefor," of the Defendant, without "alleg[ing] how

24  that is so," Plaintiffs have failed to sufficiently plead unfairness under this test. *See*

25  *CVS Pharmacy*, 982 F.3d at 1215 (holding that Plaintiffs failed this test because it

26  only made conclusory statements).

27       Plaintiffs have merely alleged that "[t]he harm to Plaintiffs and Class Members

28  greatly outweighs the public utility of Defendants' conducts" because "[t]here is no

ERVIN COHEN & JESSUP LLP

public utility to misrepresenting the price of a consumer product." (FAC, ¶ 106.) Consequently, Plaintiffs have failed to plead that they satisfy the balancing test of unfairness.

## VIII. **CONCLUSION**

For the reasons set forth here, Defendant respectfully requests that Plaintiffs' claims against Defendant be dismissed.

DATED:  August 7, 2024                    ERVIN COHEN & JESSUP LLP
                                          Russell M. Selmont
                                          Pooja S. Nair


                                   By:  _____ */s/ Pooja S. Nair*_____
                                          Pooja S. Nair
                                          Attorneys for Defendant,
                                          Favorite World, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ERVIN COHEN & JESSUP LLP

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Favorite World, LLC, certifies that this brief contains 5,663 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☒ complies with the page limit set by court order dated May 30, 2024

DATED: August 7, 2024

*/s/  Pooja S. Nair*
Pooja S. Nair

# <u>CERTIFICATE OF SERVICE</u>

## CENTRAL DISTRICT OF CALIFORNIA

*Davida Minor, et al. v. Favorite World, LLC*
*Case No. 2:24-CV-04425-JFW-MRW*

The undersigned certifies that on August 7, 2024, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**DEFENDANT FAVORITE WORLD, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND 12(b)(6)**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system.

By: _____ */s/  Pooja S. Nair* _____
Pooja S. Nair