**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **CV 24-4425-JFW(AJRx)**                    Date:  September 17, 2024

Title:        Davida Minor, et al. -v- Favorite World, LLC, et al.

═══════════════════════════════════════════════════════════════════════

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                        None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER GRANTING IN PART AND DENYING IN PART
                                                                DEFENDANT FAVORITE WORLD, LLC'S MOTION TO
                                                                DISMISS PURSUANT TO RULE 12(b)(1) AND 12(b)(6)
                                                                [filed 8/7/24; Docket No. 46]**

        On August 7, 2024, Defendant Favorite World, LLC ("Defendant") filed a Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) ("Motion").  On August 19, 2024, Plaintiffs Davida Minor and Asha Ayanna ("Plaintiffs") filed their Opposition.  On August 16, 2024, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's September 9, 2024 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

        On April 9, 2024, Plaintiffs filed a Complaint against Defendant in Los Angeles Superior Court ("LASC").  On May 28, 2024, Defendant removed this action to this Court, alleging this Court had jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  On July 3, 2024, Plaintiffs filed a First Amended Complaint ("FAC"), alleging claims for: (1) violation of California Consumer Legal Remedies Act ("CLRA"), California Civil Code §1770(a); and (2) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§17200, *et seq*.  In their FAC, Plaintiffs allege that Defendant engages in unlawful and deceptive business practices by advertising fake and misleading sale promotions on its website, www.shapermint.com.  According to Plaintiffs, Defendant offers goods on its website that purport to be "on sale" at a highly discounted price for a limited time when, in fact, the same goods are regularly "on sale" and rarely, if ever, offered at full price.

Initials of Deputy Clerk  _sr_

## II.    Legal Standard

### A.    Rule 12(b)(1)

The party mounting a Rule 12(b)(1) challenge to the Court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual").  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In ruling on a Rule 12(b)(1) motion attacking the complaint on its face, the Court accepts the allegations of the complaint as true.  *See, e.g., Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  "With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment.  It also need not presume the truthfulness of the plaintiff['s] allegations."  *White*, 227 F.3d at 1242 (internal citation omitted); *see also Thornhill Pub. Co., Inc. v. General Tel & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. . . '[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (9th Cir. 1977)).  "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial."  *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983).  It is the plaintiff who bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### B.    Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g.,*

*Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).
"However, a court need not accept as true unreasonable inferences, unwarranted deductions of
fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*,
922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert.
denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a
Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19
(9th Cir. 1990) (citations omitted). However, a court may consider material which is properly
submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal
Rule of Evidence 201 without converting the motion to dismiss into a motion for summary
judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to
amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to
amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655,
658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the
Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g.,
Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to
amend is not an abuse of discretion where the pleadings before the court demonstrate that further
amendment would be futile.").

## III.    Discussion

In its Motion, Defendant argues that Plaintiffs' FAC should be dismissed for lack of standing
and failure to state a claim. Specifically, Defendant argues that Plaintiffs' request for injunctive
relief under the CLRA must be dismissed because Plaintiffs lack standing to sue for injunctive relief
because they neither plead a plausible threat of future harm to themselves nor explain why
equitable relief is appropriate given that a legal remedy is available. Defendant also argues that
Plaintiffs lack standing to sue for damages on behalf of the putative class because Plaintiffs only
purchased leggings and shorts, but their claims include every product available on Defendant's
website. In addition, Defendant argues that Plaintiffs' CLRA notice was insufficient and that
Plaintiffs have failed to meet the particularity requirement of Rule 9(b) for their claims sounding in
fraud. Moreover, Defendant argues that Plaintiff's UCL claim fails because Plaintiff have failed to
meet both the unlawfulness and the unfairness requirements. In their Opposition, Plaintiffs
concede that they have failed to plead sufficient facts to demonstrate that they have standing to
sue for injunctive relief, and request leave to amend those allegations. Plaintiffs argue that the rest
of Defendant's Motion should be denied because the allegations of the FAC are more than
sufficient to state Plaintiffs' CLRA and UCL claims and the relief requested.

### A.    Defendant's Motion is Granted With Respect to Injunctive Relief

In their Opposition, Plaintiffs concede that they have failed to allege sufficient facts to
demonstrate that they have standing to sue for injunctive relief. Specifically, "Plaintiffs concede
that their First Amended Complaint does not allege that either Plaintiff intends to purchase the
product in the future." Opposition, 20: 22-23. As a result, Plaintiffs argue that "Defendant's Motion
should be denied as to all arguments except as to Plaintiffs' standing for injunctive relief, for which

Initials of Deputy Clerk _sr_

leave to amend should be granted."  Opposition, 2:26-28.

Accordingly, the Court grants Defendant's Motion with respect to Plaintiffs' request for injunctive relief contained in the FAC.

**B.      The Remainder of Defendant's Motion is Denied**

With respect to the other issues raised by Defendant in its Motion, the Court concludes that those issues are more appropriately resolved on a motion for summary judgment or a motion for class certification.

For example, Defendant argues that Plaintiffs only purchased leggings and shorts and, as a result, do not have standing to represent class members who purchased different products. However, "the Ninth Circuit has held that courts should apply the 'class certification approach,' not the 'standing approach,' when analyzing purported dissimilarities between class representatives and unnamed class members."  *Moore v. EO Prods., LLC*, 2023 WL 6391480 (N.D. Cal. Sept. 29, 2023) (*citing Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015)); *see also Davis v. The Kroger Co.*, 2023 WL 9511156 (C.D. Cal. Sept. 22, 2023) ("Binding Ninth Circuit precedent seems to support the class certification approach – that dissimilarities between the claims of named and unnamed plaintiffs are best resolved at the class certification stage").

As another example, Defendant argues that Plaintiffs have failed to meet the particularity requirements for Rule 9(b) for their CLRA claim.  However, Plaintiffs have sufficiently alleged the "who, what, when, where, and how" of Defendant's allegedly misleading pricing scheme for the pleading stage.  *See, e.g., Vizcarra v. Michaels Stores, Inc.*, 2024 WL 64747 (N.D. Cal. Jan. 5, 2024) (holding that allegations that the defendant's "products are always on sale and customers never have to pay the listed 'regular' price . . . suffice at the pleadings stage").  Similarly, the Court concludes that Plaintiffs' allegations related to their UCL claim "are specific enough to give [Defendant] notice of the particular misconduct . . . so that [it] can defend against the charge." *See, e.g., Phillips v. Brooklyn Bedding LLC*, 2024 WL 2830663 (N.D. Cal. Mar. 28, 2024).  As a result, the Court concludes that these issues are more appropriately resolved on a motion for summary judgment.

Accordingly, the Court denies Defendant's Motion with respect to the other issues raised by Defendant (other than Plaintiffs' request for injunctive relief).

**IV.    Conclusion**

For all the foregoing reasons, Defendant's Motion is granted in part and denied in part. Defendant's Motion is **GRANTED with leave to amend** with respect to Plaintiffs' request for injunctive relief contained in the FAC.  The remainder of Defendant's Motion is **DENIED**.  Plaintiffs shall file their Second Amended Complaint on or before September 23, 2024.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr_