# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement" or the "Agreement") is made and entered into by and between Plaintiffs Davida Minor and Asha Ayanna, individually and on behalf of the Settlement Class ("Plaintiffs" or "Class Representatives"), on the one hand, and Defendant Favorite World, LLC ("Favorite World" or "Defendant"), on the other hand, in the action entitled *Davida Minor, et al., v. Favorite World LLC*, Case No. 2-24-cv-4425-JFW-AJR, pending in the United States District Court for the Central District of California (the "Court").

### I.    DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A.    "**Action**" means *Davida Minor, et al., v. Favorite World LLC*, Case No. 2-24-cv-4425-JFW-AJR (C.D. Cal.).

B.    "**Administration Fund**" means a fund that Defendant will pay or cause to be paid to the Settlement Administrator. The Administration Fund is an early payment towards Administration Costs (defined below) and payable from the Settlement Costs Fund (defined below).

C.    "**Administration Costs**" means the actual costs reasonably charged by the Settlement Administrator for its services as provided for in this Agreement, including, but not limited to, all costs of processing Claim Forms. The Administrative Costs shall be paid out of the Settlement Costs Fund.

D.    "**CAFA Notice**" refers to the notice requirements imposed by 28 U.S.C. § 1715(b)

E.    "**Settlement Benefit(s)**" means voucher(s) to Settlement Class Members.

F.    "**Class Counsel**" means Crosner Legal, P.C.

G.    "**Class Period**" means April 19, 2020, through the date of the Preliminary Approval Order.

H.    "**Claim(s)**" or "**Claim Form(s)**" means the claim form submitted by a Settlement Class Member, in the form attached hereto as "Exhibit C", which shall provide the opportunity for a Class Member to provide the items they purchased from Shapermint, thereby increasing the dollar value of their voucher. Failure to submit a completed Claim Form with all requested information shall result in a Settlement Class Member receiving a $6 voucher.

I.    "**Claim Deadline**" means the date sixty (60) days after the Notice Deadline.

J.    "**Claim Period**" means the time period in which Settlement Class Members may submit a Claim Form. The Claim Period begins on the Notice Deadline and expires on the Claim Deadline.

K.    "**Claims Process**" means the process for Settlement Class Members' submission of Claims, as described in Section III.

L.    "**Class Product(s)**" means all items subject to the Action, including "Shapermint Essentials," "Empetua®," and "Truekind®" branded shapewear products sold on Defendant's website, shapermint.com, during the Class Period including bras, underwear, leggings, camis, bodysuits, swim wear, and other clothing articles and do not include accessories.

M.    "**Class Notice**" means all types of notice that will be provided to the Settlement Class, as described in Section IV and ordered by the Court.

N.    "**Cy Pres Recipient**" means the National Consumer Law Center (NCLC).

O.    "**Effective Date**" means the last of the following dates: (a) all Parties have executed this Agreement; (b) the Court has entered the Final Approval Order; and (c) the date on which time to appeal or to seek permission to appeal from the Court's approval of this Agreement has expired or, if appealed, approval of this Agreement has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, or upon the denial of a writ of certiorari to review the order and final judgment from any court making the Final Approval Order a final, non-appealable judgment.

P.    "**Email Notice**" means notice of the proposed Settlement to be provided to Settlement Class Members substantially in the form attached hereto as "Exhibit A."

Q.       "**Fairness Hearing**" or "**Final Approval Hearing**" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the Settlement set forth herein as fair, reasonable and adequate and to enter the Final Approval Order.

R.       "**Final Approval**" means the date the Court finally approves the Settlement of this Action, including but not limited to, the terms and conditions of this Agreement.

S.       "**Final Approval Order**" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Fairness Hearing.

T.       "**Injunctive Relief**" means the inclusion of text stating that the strikethrough price is the Manufacturer's Suggested Retail Price that will be visible if a mouse is moved over the tooltip icon in close proximity to the strikethrough price.

U.       "**Long Form Notice**" means notice of the proposed Settlement to be placed on the Settlement Website substantially in the form attached hereto as "Exhibit B."

V.       "**Notice Deadline**" or "**Notice Date**" means the date on which the notice described in Section IV of this Agreement has been sent to all Class Members.

W.       "**Objection/Exclusion Deadline**" means the deadline to object or seek exclusion from the Settlement.

X.       "**Parties**" or "**Party**" means the Class Representatives and Defendant.

Y.       "**Preliminary Approval**" means the date the Court preliminarily approves the Settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

Z.       "**Preliminary Approval Order**" means the order to be submitted to the Court in connection with the preliminary approval hearing on the Settlement, the proposed form of which is attached hereto as "Exhibit D".

AA.       "**Released Claims**" means all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, in law or equity, fixed or contingent, known or unknown, which Settlement Class Members have or may have, arising out of or relating to any of the acts, omissions or other conduct by Defendants alleged or otherwise referred to in the

operative complaint in the Action. *See also* section III.D. This Agreement does not bind any persons or class members outside of the Settlement Class Members as defined below in subsection DD and EE.

BB.    "**Settlement Administrator**" means the third-party agent or administrator agreed to by the Parties and appointed by the Court. The Parties agree that, subject to the Court's approval, an independent entity shall be retained to implement the Class Notice and Claims administration requirements of this Agreement.

CC.    "**Settlement Award**" means a voucher provided to a Settlement Class Member pursuant to Section III.E. of this Agreement. These vouchers will be sent by e-mail out over the course of a seven-day period.

DD.    "**Settlement Class**" means all individuals who, during the Class Period, purchased one or more Class Products from Defendant's website www.shapermint.com at a discounted price below the listed MSRP listed on the website for personal, family, or household purposes while residing in California. "Purchased" includes any form of payment, store credit, or gift cards; "Defendant" is Favorite World, LLC; and "discounted price" means a sale price below the original MSRP  without taking into account any coupon codes, store credit, or any other credits that could be applied to further reduce the purchase price during the checkout process. Excluded from the proposed Class definition are: (i) Defendant and its officers, directors, and employees; (ii) any person who validly opt outs of the Settlement in a timely manner; (iii) judicial officers and their immediate family members and associated court staff assigned to the case; (iv) anyone who received a full cash refund of the Product(s); and (v) any natural person or entity that entered into a release with Defendant prior to the Effective Date arising from the same representations, advertising, marketing and/or sales on the Defendant's website, www.shapermint.com, underlying the claims in the operative complaint in the Action.

EE.    "**Settlement Class Member(s)**" means any member of the Settlement Class.

FF.    "**Settlement Costs**" means (a) any award of attorneys' fees, costs, and expenses to Class Counsel approved by the Court; (b) any incentive awards to Plaintiffs approved by the Court; (c) CAFA notice costs; and (d) all Administration Costs.

GG.    "**Settlement Costs Fund**" means the fund which shall cover all the Settlement Costs. The amount of the Settlement Cost Fund shall be Four Hundred and Seventy-Five Thousand Dollars ($475,000) cash. The Settlement Costs Fund represents the total extent of Defendant's monetary obligations to pay the Settlement Costs under the Agreement, and Defendant shall not have any other monetary obligation related to or arising out of the Action with respect to such Settlement Costs.

HH.    "**Settlement Website**" means the website to be established by the Settlement Administrator for purpose of providing notice, Claim Forms, and other information regarding this Agreement, as described in Section IV.B.

II.    "**Website Notice**" means the notice made available on the Settlement Website pursuant to Section IV.B. of this Agreement, including the Long Form Notice.

II.    <u>**LITIGATION BACKGROUND**</u>

A.    Plaintiffs allege that, during the Class Period, Defendant deceptively advertised various discounts of its products on its website. Based on these allegations, this Action was filed on April 19, 2024, in California Superior Court for the County of Los Angles. The Action alleges violations of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq*. and Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. Plaintiffs seek injunctive relief, compensatory damages, punitive damages, and restitution in amounts by which Defendant was allegedly unjustly enriched based on its product sales.

B.    On May 28, 2024, Defendant removed the Action to this Court pursuant to the Class Action Fairness Act, 21 U.S. C. § 1332(d)(2). ECF No. 1. On June 24, 2024, the Court issued a Scheduling Order setting Plaintiffs' deadline to file a motion for class certification 120 days after removal of the action, or September 25, 2024, and a jury trial start date on August 26, 2025. On

July 23, 2024, Plaintiffs amended the complaint to add a claim for damages and to include additional factual allegations which were discovered after further investigation. *See* ECF No. 22. On July 31, 2024, Defendant filed a motion to dismiss the First Amended Complaint (ECF No. 36), which was stricken (ECF No. 44). On August 7, 2024, Defendant filed a motion to dismiss the First Amended Complaint. *See* ECF No. 46. On September 17, 2024, the Court granted in part and denied in part Defendant's motion to dismiss. On September 23, 2024, Plaintiffs filed a Second Amended Class Action Complaint to conform the allegations with the Court's Order on Defendant's Motion to Dismiss. *See* ECF No. 69. On October 7, 2024, Defendant answered the First Amended Complaint. ECF No. 76. The Parties fully briefed Plaintiffs' motion for class certification. *See* ECF Nos. 72, 78, 88. The class certification briefing included expert reports related to Plaintiffs' proposed damages model. *See* ECF Nos. 72-11, 78-30. On October 23, 2024, the Court took Plaintiff's motion for class certification under submission. ECF No. 94.

  C. Discovery was requested early in the action and was strongly contested. From August through September, Defendant made several productions consisting of native sales sheets, customer purchase information, website screen shots, and internal line sheets detailing the pricing methods utilized by Defendant.  These productions were the result of numerous meet and confer conferences. The Parties also sought the assistance from the Court concerning the discovery disputes and attended two informal discovery conferences with Magistrate Judge A. Joel Richlin. From September 5, 2024 through September 20, 2024, Plaintiffs deposed five of Defendant's employees including the depositions of persons most qualified pursuant to Federal Rule of Procedure 30(b)(6). In early October, Defendant deposed the two Class Representatives.

  D. To broker settlement discussion the Parties sought the assistance of Robert A. Meyer of JAMS who has extensive experience mediating consumer protection class actions. On October 1, 2024, the Parties attended a pre-mediation conference call with Mr. Meyer, and on October 8, 2024, the Parties held an all-day mediation via videoconference. The Parties were not able to resolve the Action during the mediation. Mr. Meyer continued to oversee the continued

negotiation and eventually made a mediator's proposal which was accepted by the Parties on November 4, 2024.

E.      Defendant expressly denies any liability or wrongdoing of any kind or that Plaintiffs or any putative class member has been damaged in any amount or at all in connection with the claims alleged in the Action, and further contends that, for any purpose other than Settlement, this Action is not appropriate for class treatment. Defendant does not admit or concede any actual or potential fault, wrongdoing, or liability against it in the Action or any other actions. Defendant maintained during the entire pendency of the Action, and continues to maintain, that the challenged advertising practices are not deceptive or misleading as a matter of law.

F.      As noted above, the Parties exchanged discovery, including financial and sales records relevant to the claims and alleged damages. Plaintiffs' Counsel represent that they spent significant time and effort analyzing these detailed records. Plaintiffs hired an expert, Dr. Charles Baum, who prepared an extensive damages methodology. The parties fully briefed Plaintiffs' Motion for Class Certification. The Parties also prepared and exchanged comprehensive mediation briefs that discussed the claims, defenses, and alleged damages in detail, followed by a mediation on October 8, 2024, with Robert A. Meyer of JAMS. The Parties did not reach an immediate settlement at the mediation, but continued to engage in extensive and contentious negotiations over the following weeks, until a settlement was finally reached on November 4, 2024. As a result of these lengthy, substantive, and good faith negotiations, Class Counsel was able to assess thoroughly the strengths and weaknesses of the claims of the Settlement Class Members and Defendant's defenses.

G.      Based on the above-outlined investigation and litigation, the current state of the law, the expense, burden and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the sharply contested legal and factual issues involved, and the relative benefits to be conferred upon the Settlement Class Members pursuant to this Agreement, Plaintiffs and Class Counsel have concluded that a Settlement with Defendant on the terms set forth herein is fair,

reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances.

H.    Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. Defendant also recognizes that the expense and time spent pursuing this Action has and will further detract from resources that may otherwise be used to run Defendant's business. While Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that it has valid defenses to Plaintiffs' claims, Defendant has determined that the Settlement is fair, adequate and reasonable.

I.    Based on the foregoing, which the Parties expressly incorporate as material terms of the Agreement, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the Action which exist between the Parties. Therefore, it is the intention of Plaintiffs and the Settlement Class that this Agreement shall constitute a full and complete Settlement and release of the Released Claims against Defendant

III.    **TERMS OF SETTLEMENT**

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Parties agree as follows:

A.    <u>Conditional Certification of Class</u>. For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3).

B.    <u>Certification is Conditional</u>. This certification is conditional on the Court's approval of this Agreement. In the event the Court does not approve all terms of the Agreement, or if the Agreement is voluntarily or involuntarily terminated for any reason, then certification of the Settlement Class shall be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become

null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant has not and shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment. Defendant supports certification of the Settlement Class for settlement purposes only. In the event the Settlement is not preliminarily approved, the Parties agree to resume settlement discussions in good faith for at least 14 days. If after 14 days the Parties have not agreed to amended settlement terms, then all pre-trial and trial deadlines and dates shall be reset by the Court. The Parties agree to provide the Court with a proposed schedule within 14 days after an order of the Court denying preliminary approval. The Parties agree that Plaintiffs will not be able to use the failure to obtain settlement approval to re-brief their already filed motion for class certification, which was pending prior to the settlement and which the Court had taken under submission. That motion and Defendants' opposition to it shall be deemed submitted for adjudication by the Court. However, nothing herein shall serve to limit the Court's ability to order supplemental briefing on the motion for class certification that was submitted.

   C. <u>Settlement Class Member Information</u>. Defendant will provide the Claims Administrator a customer list of Settlement Class members, including by name and the most current email of each Settlement Class Member, for the sole purpose of administering the settlement reached pursuant to this Agreement. Class Counsel warrants that the Settlement Administrator will not provide the customer list or any information on it to any person or entity outside the Class Administrator, including to Class Counsel, and will destroy the customer list at the conclusion of settlement administration but no later than 45 days after the Effective Date. Class Counsel will have the Class Administrator execute the Non-Disclosure/Confidentiality Agreement to this effect attached hereto as **Exhibit E**.

D.    Releases

1.    Release of Defendant. Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class shall fully release and discharge Defendant and all its present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, affiliates, successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels, but only in their capacity as such (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, arising under federal, state, or local law, that Plaintiffs or Settlement Class Members ever had, now have, or may have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, or agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of or arising from the Discharged Parties' representations, advertising, marketing and/or sales on the Defendant's website, www.shapermint.com, during the Class Period, which were alleged in the operative complaint, or which arise from the same facts and claims alleged in the operative complaint in the Action. This is notwithstanding that Plaintiffs and the Settlement Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Released Claims herein. The Released Claims shall include, but are not necessarily limited to, all claims that have or could have been asserted by any or on behalf of any Settlement Class Member in this Action and that are based on or arise out of the same factual predicate as the Action.

2.    Class Representatives' Release of Unknown Claims. Plaintiffs expressly understand and acknowledge that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR
OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR
HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN
BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state
laws, rights, rules or legal principles, are hereby knowingly and voluntarily waived, relinquished
and released by Plaintiffs. Plaintiffs shall be deemed to have expressly waived and fully, finally,
and forever settled and released any known or unknown, suspected or unsuspected, contingent or
non-contingent claim with respect to the Claims related to the Actions that are the subject of this
Agreement, whether or not concealed or hidden, without regard to subsequent discovery or
existence of different or additional facts. Plaintiffs fully understand that the facts on which this
Agreement is to be executed may be different from the facts now believed by Plaintiffs and Class
Counsel to be true and expressly accept and assume the risk of this possible difference in facts and
agree that the Agreement will remain effective despite any difference in facts. Further, Plaintiffs
agree that this waiver is an essential and material term of this release and this Agreement that
underlies it and that without such waiver this Agreement would not have been accepted.

3.    <u>Release of Class Representatives and Class Counsel</u>. Upon the Effective
Date, and except as to such rights or claims as may be created by this Agreement, and in
consideration for the Settlement benefits described in this Agreement, Defendant shall fully release
and discharge Plaintiffs, Settlement Class Members, and Class Counsel from all claims, demands,
actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or
unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen,
developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise,
whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common
law, or any other source, or any claim that Defendant ever had, now has, may have, or hereafter
can, shall or may ever have against Plaintiffs, Settlement Class Members, and Class Counsel in

any other court, tribunal, arbitration panel, commission, or agency, or before any governmental
and/or administrative body, or any other adjudicatory body, on the basis of or arising from the
institution or prosecution of the Action, notwithstanding that Defendant acknowledges that it may
hereafter discover facts in addition to or different from those that it now knows or believes to be
true concerning the subject matter of the Action and/or the Released Claims herein. Defendant
expressly understands and acknowledges that certain principles of law, including but not limited
to Section 1542 of the Civil Code of the State of California, provide that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR
> OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR
> HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN
> BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Defendant hereby agrees that the provisions of all such principles of law or similar federal or state
laws, rights, rules or legal principles are hereby knowingly and voluntarily waived, relinquished
and released by Defendant

> E.  Compensation to the Settlement Class

> 1.  Benefits to Settlement Class Members: Subject to the rights, terms, and conditions
of this Agreement, Defendant will provide to each Settlement Class Member a $6 voucher for use
on www.shapermint.com. Qualifying Settlement Class Members can also submit a Claim Form
providing information relating to their purchases of Class Products from www.shapermint.com
while in California during the Class Period to increase the value of their Settlement Award.
Settlement Class Members are entitled to a $1 additional voucher credit for each additional
purchase of a Class Product. In order to be a Qualifying Settlement Class Member, the Settlement
Class Member must have purchased a minimum of four (4) Class Products during the Class Period.
A Qualifying Settlement Class Member can obtain an additional $1 voucher credit for each
additional Class Product purchased during the Class period, up to a maximum of $12. Thus, a

Docusign Envelope ID: 5D9CBE5F-294D-4697-93C7-E1AB3368F53D

submission of a Claim Form can increase the value of a Settlement Award from $6 up to a maximum of $12. The Parties agree based on their review of Settlement Class member data that there are approximately 684,309 class members up to May 21, 2025. Plaintiffs estimate based on their review of Settlement Class member purchase data that the aggregate value of the Settlement Class Award is approximately Four Million Seven Hundred Thousand Dollars ($4,700,000) (estimating that 75% of Class would receive a $6 voucher, or a total of $3,079,390 and 25% of the Class would be eligible to receive an average of $9.50 voucher, or a total of $1,625,234 for a total possible payout of $4,704,624 in vouchers). These numbers are Plaintiffs' estimate and are in no way an estimate of the number of Class members who would actually submit a claim, and these estimates may be higher or lower depending on the number of actual claimants. In addition, without reducing the amount of Settlement Awards given to the Settlement Class, Defendant will pay up to Four Hundred and Seventy-Five Thousand Dollars ($475,000) in cash (the Settlement Costs Fund) to pay for Settlement Costs, none of which will revert to Defendant.

2. <u>Settlement Award Delivery</u>: Unless a Settlement Class Member submits a valid Claim Form providing purchase information, a $6 Settlement Award will be provided to Settlement Class Members without any requirement to fill out a claim form or take any other affirmative action. A successful submission of a Claim Form will increase the size of the Settlement Award provided to Class Members, up to a maximum of $12 dollars in voucher credit. Notice of the settlement and instructions for submitting a claim for an increased Settlement Award will be sent by Defendant to Settlement Class Members via direct email to the email addresses used by Settlement Class Members to complete orders from the www.shapermint.com website during the Class Period. These emails will be sent out over the course of a seven-day period. Following the completion of the claims administration process, a Settlement Award will be sent to all Settlement Class Members via a special voucher code that is sent to the Settlement Class Members email address(es) and will provide instructions on how to use the voucher.

3. <u>Use of Settlement Awards</u>: Settlement Awards can be used toward any purchase by the Settlement Class Member made on www.shapermint.com, can be combined with any other

discount or offer (provided that Settlement Class Member follows the instructions provided on the voucher), expire after one year from the date they are issued, and are not transferable. If Settlement Awards used in connection with an order exceed the total amount of the order, then any unused Settlement Awards cannot be applied toward future purchases. If Settlement Awards used in connection with an order is less than the total amount of the order, then the Settlement Class Member using the Settlement Awards is responsible for the balance of the purchase amount that exceeds the Settlement Awards amount, including any shipping and handling fees and taxes that may apply.

        4.   <u>Injunctive Relief</u>. In addition to providing Settlement Awards, Defendant agrees to provide text stating that the strikethrough price is the Manufacturer's Suggested Retail Price that will be visible if a mouse is moved over the tooltip icon in close proximity to the strikethrough price.

        F.   <u>Settlement Administrator and Notice</u>

        1.   All claims and opt-out request administration activities, except for providing electronic notice of the settlement and instructions for submitting a claim for an increased Settlement Award, shall be carried out exclusively by the Settlement Administrator. The Settlement Administrator shall also establish and maintain the Settlement Website as detailed in Section I.V. below.

        2.   To avoid unnecessary settlement administration expenses, Defendant will send notice emails with instructions for submitting a claim and final Settlement Awards to Settlement Class Members. Defendant will submit a declaration in support of Final Approval of the Settlement setting forth the steps taken to send the required emails to Settlement Class Members.

        3.   <u>Claims Process</u>. Settlement Class Members may elect to provide purchase information to increase the size of their Settlement Award by submitting a valid Claim Form to the Settlement Administrator via a web form on the Settlement Website during the Claim Period. Settlement Class Members may, at their option, submit a paper Claim Form, which will be accepted upon receipt as valid by the Settlement Administrator if the claim is otherwise valid. Settlement

Class Members who do not submit a Claim Form will receive a $6 voucher as the default Settlement Award option. Emails containing the vouchers will be sent out over the course of a seven-day period.

The Settlement Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent claims. This may include measures such as using a class member identifier to access and file claims and/or validating claims against Defendant's records. The Settlement Administrator shall have the right to audit Claims, and the Settlement Administrator may request additional information from Settlement Class Members submitting Claims. As detailed in Section (III)(F)(4) below, Defendant reserves the right to review the Claim forms for fraud, and to identify any fraudulent transactions within ten days of receiving a weekly report from the Settlement Administrator. If any Settlement Class Member submits a Claim Form but fails to attest under penalty of perjury that they were a California resident who purchased one or more products from www.shapermint.com during the Class Period and the claim is otherwise valid, the increase of value will be denied and the Settlement Class Member will receive the default $6 voucher. The Settlement Administrator shall maintain records of all Claim Forms until ninety (90) days after all valid Claims have been finally resolved and Defendant has issued a voucher to those Settlement Class Members who submitted valid Claims, and such records will be made available upon request to Class Counsel and Defendant's counsel at the end of the ninety (90) day period. The Settlement Administrator also shall provide such reports, declarations, and such other information to the Court as the Court may require or as Class Counsel or Defendant requests.

4. <u>Final Total</u>. The Settlement Administrator shall provide weekly reports to counsel for Defendant and Plaintiffs stating the number of Claims received, the increased value in vouchers relating to the number of Claims, and the number of any Claims that have been denied. Defendant shall have the right to perform a check of the Claims received and identify any cases of suspected fraud within ten (10) days of receiving the weekly report. If Defendant does not take any action, the increased value in vouchers will be deemed accepted. Defendant shall then send the increased

Docusign Envelope ID: 5D3CBE5F-3945-4697-98C7-E1AB3360F53D

voucher to the customers on the Claims report provided by the Settlement Administrator, using the language in **Exhibit F**.

5.   Calculation of the Settlement Award Amounts. Within seven (7) calendar days after the close of the Claim Period, the Settlement Administrator shall provide Defendant with (a) a schedule of the Settlement Awards to be provided to each Settlement Class Member in the form of a CSV file. The CSV file shall include the names and emails of each Settlement Class member and the amount of each Settlement Voucher, and the total amount of Settlement Awards, which shall establish the amount of the Settlement Awards; The Settlement Administrator shall separately provide to Class Counsel anonymized versions of the above-referenced schedule after removing identifying information of the Settlement Class Members from such schedules.

G.   Payment Schedule. In settlement of the claims of Plaintiffs and the Settlement Class Members, Defendant shall remit payment on the following schedule:

1.   Within fourteen (14) calendar days of Preliminary Approval, Defendant shall pay sums of up to $25,000 to cover the reasonable Administration Expenses (the Administration Fund) into an escrow account established by the Settlement Administrator. The Administration Fund comprises part of the Settlement Costs payable from the Settlement Costs Fund. The Administration Fund shall serve as an advance payment towards the costs of the Claims Process, including exclusions and objections. Defendant shall pay sums to cover any additional reasonable Administration Expenses to the Settlement Administrator out of the Settlement Costs Fund as they become due. Any additional payments owed to the Settlement Administrator are also Settlement Costs payable from the Settlement Costs Fund.

2.   Within sixty (60) calendar days of the Effective Date, Defendant shall pay out of the Settlement Costs Fund (a) any award of attorneys' fees, costs, and expenses to Class Counsel approved by the Court; (b) any incentive awards to Plaintiffs Davida Minor and Asha Ayanna approved by the Court, by wire transfer to Class Counsel's Client Trust Account.

3.   Within thirty (30) calendar days of the Effective Date, but in no case less than seven (7) days after receiving the schedule of Settlement Awards indicated in Section III.F.5 above,

Defendant shall provide a Settlement Award in the form of a voucher due to each Settlement Class Member in the manner described above in Section III.E.2 above.

     H.   <u>Attorneys' Fees/Costs and Class Representative Enhancement</u>

     1.   After the Court preliminarily approves the Settlement, Class Counsel may move the Court for an award of attorneys' fees and reasonable costs and expenses of up to Four Hundred and Seventy-Five Thousand Dollars ($475,000), less payment of all other Settlement Costs, to be paid to Class Counsel from the Settlement Costs Fund. Class Counsel shall not be entitled to interest on any amount sought. The actual amount of attorneys' fees, costs, and expenses to be awarded is in the discretion of the Court. Defendant may challenge or oppose the amount of fees requested by Class Counsel (i.e., may ask the Court to award Class Counsel less than the amount requested), but will not dispute that under this Agreement, Class Counsel is entitled to receive up to $475,000 in attorneys' fees, costs, and expenses if approved by the Court. Court approval of attorneys' fees, costs, and expenses, or their amount, will not be a condition of the Settlement, and is solely at the discretion of the Court. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, expenses, and costs in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect.

     2.   Named Plaintiffs Davida Minor and Asha Ayanna may also apply to the Court for incentive awards each in an amount not to exceed $5,000 each, for their participation as Class Representatives to be paid from the Settlement Costs Fund. Court approval of the incentive awards, or their amount, will not be a condition of the Settlement.

     3.   Plaintiffs and Class Counsel agree to provide Defendant all identification information necessary to effectuate the payment of the fees and costs including, but not limited to, Taxpayer Identification Number(s), and completed Internal Revenue Service Form(s) W-9. Attorneys' fees and incentive awards shall be paid to Plaintiffs Davida Minor and Asha Ayanna and Class Counsel in accordance with Section G above.

     4.   Should the amount of the Settlement Cost Fund exceed the amount needed to pay for Settlement Costs (for example, if the Court awards less than the full amount of attorneys' fees

or incentive awards requested), any remaining amounts after payment of Settlement Costs shall be distributed to the Cy Pres Recipient. None of the Settlement Cost Fund shall revert to Defendant.

5. Except for the fees and costs to be paid to Class Counsel and Plaintiffs as specifically provided in this subsection and elsewhere in this Agreement, Defendant does not agree to pay and shall not be responsible or liable under this Agreement for the payment of any attorneys' fees and expenses of Class Counsel, Plaintiffs, the Settlement Class, and Settlement Class Members, any person or entity that may object to the Agreement, or any attorney who may represent any person or entity that may object to the Agreement, in connection with the Action or in connection with any claim that was or could have been alleged in the Action.

## IV.    **NOTICE TO THE SETTLEMENT CLASS**

Defendant shall provide Class Notice in the forms approved by the court, as detailed below, no later than the Notice Deadline.

A.    <u>Email Notice</u>. Defendant shall provide for Email Notice by sending an email substantially in the form of Exhibit A to the email addresses for Settlement Class Members identified by Defendant's records. The Email Notice shall be sent out over a seven day period due to the requirements of Defendant's email system.

B.    <u>Website Notice</u>. The Settlement Administrator will establish and maintain the Settlement Website. The Settlement Website will be dedicated to the Settlement. On the Settlement Website will be posted the Long Form Notice, the Claim Form, a copy of this Agreement, the Preliminary Approval Order, and any other materials the Parties agree to include. The Settlement Website shall also provide for the straightforward and user-friendly online submission of Claim Forms, and instructions as to how to access the case docket via PACER or in person at any of the Court's locations. The Settlement Website will also explain Settlement Class Members' right to opt out of or object to the settlement, and provide the dates to opt out of or object to the settlement. The Settlement Website shall also state the date of the Fairness Hearing, that the date may change without further notice, and that Settlement Class Members should be advised to check the

Settlement Website or the Court's PACER site to confirm that the date has not been changed. These documents and information shall be available on the Settlement Website no later than the Notice Deadline and remain until 30 days after distribution of all Settlement Awards. The Settlement Website shall not include any advertising and shall not bear or include Defendant's logo or trademarks.

C.    Toll-Free Number. The Settlement Administrator shall establish and host an automated case-specific toll-free number to allow Class Members to learn more and to request further information about the Action.

D.    CAFA Notice. The Settlement Administrator shall be responsible for timely compliance with all CAFA notice requirements. The Settlement Administrator and the Parties shall work together in good faith to come to agreement regarding the form and content of, and secure any necessary court approval of, the CAFA Notice. All costs associated with effectuating CAFA Notice, including but not limited to postage and printing, shall be deemed Settlement Costs and paid exclusively from the Settlement Fund.

E.    Defendant agrees to cooperate with Class Counsel and the Settlement Administrator in an effort to reasonably manage and reduce Administration Costs.

## V.    PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.    Objections. Only Settlement Class Members may object to the Settlement. A Settlement Class Member who wishes to object to the Settlement must do so in writing by the Objection/Exclusion Deadline. All written objections and supporting papers must (a) contain and clearly identify the case name and number; and (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Courtroom 5C, Los Angeles, CA 90012, or by filing them in person at any location of the United States District Court for the Central District of California. Written objections must also contain: (1) the full name, address and telephone number of the Settlement Class Member; (2) a written statement of all grounds for the objection

Docusign Envelope ID: 5D9CBE5E-2945-4697-93C7-E1AB3369F53D

accompanied by legal support for the objection (if any); (3) any papers, briefs or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; (6) proof of membership in the Class, or a signed statement attesting, under penalty of perjury, that they were a California resident who purchased one or more products from Defendant during the Class Period; (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last three years; and (8) the signature of the Settlement Class Member and her or his counsel, if any. No Settlement Class Member shall be heard at the Fairness Hearing (whether individually or through separate counsel) unless written notice of the Settlement Class Member's intention to appear at the Fairness Hearing, and copies of any written objections or briefs, have been timely submitted to the Court. The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the Court within two (2) calendar days of the Objection/Exclusion Deadline. Settlement Class Members who fail to timely submit a written objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Class Counsel shall, at least fourteen (14) calendar days (or such other number of days as the Court shall specify) before the Fairness Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

       B.    <u>Procedure for Requesting Exclusion</u>. Settlement Class Members who wish to opt out of this Settlement must submit a written statement to the Settlement Administrator by the Objection/Exclusion Deadline. To be valid, each request for exclusion must: (a) state the Settlement Class Member's name, address, and phone number; (b) be personally signed by the Settlement Class Member and not the Settlement Class Member's attorney or anyone acting on the

Settlement Class Member's behalf; and (c) include the statement "I/we request to be excluded from the class settlement in *Davida Minor, et al., v. Favorite World LLC*, Case No. 2-24-cv-4425-JFW-AJR (C.D. Cal.)." No "class" or "mass" exclusions shall be permitted. Requests to opt-out that do not include all required information and/or that are not submitted on a timely basis, will be null, void, and ineffective. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been timely submitted. In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by the Settlement Administrator within two (2) calendar days of the Objection/Exclusion Deadline. Any Settlement Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any Settlement Award, will not be bound by the Settlement, and will not have any right to object, appeal or comment thereon. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the Settlement and any final judgment entered in this litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.

C.      Termination Right. Any Party may terminate this Settlement Agreement by providing written notice to the other Parties within ten (10) days of any of the following events: The Court does not enter a Preliminary Approval Order that conforms in material respects to Exhibit D; or the Court does not enter a Final Judgment and Order Approving Settlement, or if entered, such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by another court. In the event that this Settlement Agreement terminates for any reason, all Parties shall be restored to their respective positions as of the date of execution of the Settlement Agreement. In no event will Defendant be entitled to recover any funds spent for Notice and Claim Administration Expenses prior to termination of this Settlement Agreement. Either Party may terminate the Settlement if the Court orders a notice program that deviates substantially from the notice program discussed in this Agreement, including without limitation a

notice plan that requires additional third-party discovery or additional notice unduly burdensome
to Defendant.

       D.    <u>No Solicitation of Settlement Objections or Exclusions</u>. The Parties agree to use
their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their
counsel seek to solicit or otherwise encourage any Settlement Class Members to object to the
Settlement or request exclusion from participating as a Settlement Class Member or encourage any
Settlement Class Member to appeal from the final judgment.

## VI.    <u>PRELIMINARY APPROVAL OF SETTLEMENT</u>

       Following full execution of this Agreement, Plaintiffs will move the Court for entry of the
Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily
approve the Settlement as fair, adequate and reasonable to the Settlement Class, and within the
reasonable range of possible final approval; (b) conditionally certify the Settlement Class for
Settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for
Settlement purposes only; (c) approve the forms of Class Notice and find that the notice constitutes
the best notice practicable under the circumstances, provides due and sufficient notice to the
Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil
Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this
Agreement, by the Notice Deadline; (e) establish a procedure for persons in the Settlement Class
to object to the Settlement or exclude themselves from the Settlement Class by the
Objection/Exclusion Deadline, after which no one shall be allowed to object to the Settlement or
exclude himself or herself from the Settlement Class or seek to intervene; (f) approve the Claim
Form and the Claims Process described herein, and set a deadline for timely submission of claims;
(g) pending final determination of whether the Settlement should be approved, bar all persons in
the Settlement Class, directly, on a representative basis or in any other capacity, from commencing
or prosecuting against any of the Discharged Parties any action, arbitration, or proceeding in any
court, arbitration forum or tribunal asserting any of the Released Claims; (h) pending final

determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; (i) schedule the Fairness Hearing on Final Approval of the Settlement, and rule on the Motion for Final Approval and Motion for Attorneys' Fees and Incentive Awards as soon as practicable; and (j) provide that, in the event the proposed Settlement set forth in this Agreement is not approved by the Court, or in the event that this Agreement becomes null and void pursuant to its terms, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Parties hereto, who shall be restored to their respective positions as of the date of this Agreement. Defendants reserve the right to file either a non-opposition or a response to Plaintiffs' motion that is consistent with this Agreement. In the event the Court does not enter the Preliminary Approval order described herein, or decides to do so only with modifications, then this entire Agreement shall become null and void, unless the Parties hereto agree in writing to proceed with this Agreement as modified.

## VII.    FINAL APPROVAL OF SETTLEMENT

Not later than **seventy-five (75) calendar** days after Preliminary Approval, the Parties shall file a Motion for Final Approval of the Settlement. Plaintiffs shall request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class Members; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Settlement Awards; (d) finally certify the Settlement Class; (e) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting,

commencing, prosecuting or continuing any of the Released Claims against the Discharged Parties; and (f) dismiss the Action with prejudice, without costs to any Party, except as provided in this Agreement, and subject to the Court's retaining continuing jurisdiction over the Parties for the purpose of enforcement of the terms of this Agreement.

## VIII.   PARTIES' AUTHORITY

The signatories each represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## IX.   MUTUAL COOPERATION

The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement. Defendant agrees that Defendant will not attempt to discourage Settlement Class Members from filing claims.

## X.   NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Defendant denies all liability for claims asserted in the Action. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding, action, arbitration, or hearing, including without limitation any litigation or regulatory proceeding or

action, to establish liability. The preceding sentence shall not apply to an action or proceeding to approve or enforce this Agreement.

## XI.    **NOTICES**

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed served on the date of mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For the Class | For Defendant |
|---|---|
| Brandon Brouillete<br>CROSNER LEGAL, P.C.<br>9440 Santa Monica Blvd. Suite 301<br>Beverly Hills, CA 90210<br>bbrouillette@crosnerlegal.com | Pooja S. Nair (SBN 281972)<br>ERVIN COHEN & JESSUP LLP<br>9401 Wilshire Boulevard, Twelfth Floor<br>Beverly Hills, California 90212-2974<br>pnair@ecjlaw.com |

## XII.    **CONSTRUCTION**

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations and drafting by and between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

## XIII.    **MATERIAL TERMS; CAPTIONS**

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder.

Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIV.    **INTEGRATION CLAUSE**

This Agreement contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are extinguished.

## XV.    PUBLIC STATEMENTS

The Parties and their counsel shall make no comments to media or press with respect to the substance of the Agreement at any time (including but not limited to press releases), except as required by law. In addition, the Parties and their counsel shall not make, publish, circulate or cause to be made, published or circulated any statements that (i) disparage Plaintiffs, Defendant, or their counsel, or (ii) represent or suggest that this Agreement or any order by the Court regarding the Settlement or this Agreement represents or implies any wrongdoing by, or any admission of liability by, Defendant, or a finding by the Court of liability or wrongdoing.

## XVI.    NON-EVIDENTIARY USE

Neither this Agreement nor any of its terms shall be offered or received into evidence in the Action, or in any other action or proceeding; provided, however, that nothing contained in this section shall prevent this Agreement from being used, offered, or received in any proceeding to enforce, construe, or finalize this Agreement.

## XVII.    NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims that a Settlement Class Member's Settlement Award was improperly calculated or adjusted or that a Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual Settlement Award or failed to submit a timely dispute letter for any reason.

**XVIII. AMENDMENTS**

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

**XIX.    ASSIGNMENTS**

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

**XX.    GOVERNING LAW**

This Agreement shall be governed by, construed, and interpreted and the rights of the Parties determined in accordance with the laws of the State of California.

**XXI.    BINDING ASSIGNS**

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**XXII. CONFIDENTIALITY**

Class Counsel and Defendant's counsel of record in the Action warrant and represent that they have not shared any information regarding the substance of this Settlement or confidential information learned in the Action with any third party, beyond what was permitted under the Stipulated Protective Order in the Action. Nothing in this Agreement changes the terms of the Stipulated Protective Order or the Parties' obligations thereunder, and the Parties and their counsel continue to be bound by the Stipulated Protective Order.

## XXIII. TAX CONSEQUENCES

No opinion concerning the tax consequences of this Settlement to any Settlement Class Member is given or will be given by Defendant, Defendant's counsel, or Class Counsel, nor is any Party or his/her/its counsel providing any representation or guarantee respecting the tax consequences of the Settlement as to any Settlement Class Member. The Class Notice will direct Settlement Class Members to consult their own tax advisors regarding the tax consequences of the Settlement and any tax reporting obligations with respect thereto. Each Settlement Class Member is responsible for his/her taxes or tax reporting and other obligations respecting the Settlement, if any.

## XXIV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Class appears to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXV. SETTLEMENT TIMELEINE

For the Court's and the Parties' convenience, the pertinent deadlines contained in this agreement are listed below.

| Item | Deadline |
|---|---|
| Filing of Motion for Preliminary Approval | DATE |
| Funding of Administration Fund (up to $25,000) | 14 days after Preliminary Approval |
| Notice Deadline/Notice Date | Beginning 30 days after Preliminary Approval- complete within 7 days |

| Objection/Exclusion Deadline | 77 days after Preliminary Approval |
|---|---|
| Claim Deadline | 97 days after Preliminary Approval |
| Final Tally | 7 days after Claim Deadline |
| Plaintiff's Motion for Attorneys' Fees and Incentive Awards | 45 days after Preliminary Approval |
| Motion for Final Approval | 75 days after Preliminary Approval |
| Deadline for Response to Any Objections | 14 days prior to the Fairness Hearing |
| Fairness Hearing | The Parties shall request that the Court hold a Final Fairness Hearing and rule on the Motion for Final Approval and Motion for Attorneys' Fees and Incentive Awards as soon as practicable after filing. |
| Effective Date | The date on which time to appeal or to seek permission to appeal from the Court's approval of this Agreement has expired or, if appealed, approval of this Agreement has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, or upon the denial of a writ of certiorari to review the order and final judgment from any court making the Final Approval Order a final, non-appealable judgment. |
| Payment of Attorneys' Fees and Costs and Incentive Awards | 60 days after Effective Date |

| Distribution of Settlement Awards | No later than 37 days after Effective Date |
|---|---|

### XXVI. <u>COUNTERPARTS</u>

This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class.

**IN WITNESS WHEREOF**, the Parties have duly executed this Agreement as of the dates indicated below:

[Signatures on following pages.]

Date: _____

_____

By: Davida Minor


Date: _____

_____

By: Asha Ayanna


Date: 6/3/2025

_Juan Pablo Silvera_

Favorite World, LLC
By: Juan Pablo Silvera
Its:  Manager


**APPROVED AS TO FORM**

Date: 5/29/25

_Craig W. Straub_

Crosner Legal, P.C.
*Attorneys for Plaintiffs*
*Davida Minor and Asha Ayanna*


Date: 6/3/2025

_Pooja Nair_

Ervin Cohen & Jessup LLP
*Attorneys for Favorite World, LLC*

Date: 06 / 02 / 2025

By: Davida Minor

Date: _____

By: Asha Ayanna

Date: _____

Favorite World, LLC
By: Juan Pablo Silvera
Its:  Manager

**APPROVED AS TO FORM**

Date: 5/29/25

Crosner Legal, P.C.
*Attorneys for Plaintiffs*
*Davida Minor and Asha Ayanna*

Date: _____

Ervin Cohen & Jessup LLP
*Attorneys for Favorite World, LLC*

Doc ID: 6f5d0d3d5ff66db07e3da9ade15f38d1cab33dab

Date: _____

By: Davida Minor
_____

Date: 06 / 02 / 2025

*Asha Ayanna Hunter*
_____

By: Asha Ayanna


Date: _____

_____
Favorite World, LLC
By: Juan Pablo Silvera
Its:  Manager


**APPROVED AS TO FORM**

Date: 5/29/25

*Craig W. Straub*
_____
Crosner Legal, P.C.
*Attorneys for Plaintiffs*
*Davida Minor and Asha Ayanna*


Date: _____

_____
Ervin Cohen & Jessup LLP
*Attorneys for Favorite World, LLC*

Doc ID: cc56fd7030040d2e90a04ed26f13136d403c865e