# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIDA MINOR and ASHA AYANNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAVORITE WORLD, LLC,<br><br>Defendant. | Case No. 2:24-cv-4425-JFW-AJR<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE, AND SCHEDULING ORDER**<br><br>Judge: Hon. John F. Walter<br>Date: August 11, 2025<br>Time: 1:30 PM<br>Courtroom: 7A<br><br>*Complaint. Filed: April 19, 2024*<br>*Notice of Removal: May 28, 2024*<br>*FAC Filed: July 3, 2024*<br>*Trial Date: August 26, 2025* |

|     |     |
| --- | --- |
| 1 | This matter is before the Court on Plaintiffs' Motion for Preliminary |
| 2 | Approval of Class Action Settlement, Conditionally Certifying the Settlement Class, |
| 3 | Providing for Notice, and Scheduling Order ("Motion for Preliminary Approval"). |
| 4 | In connection with the Motion, the Court has considered and reviewed the |
| 5 | following materials: (1) the Motion for Preliminary Approval of the Settlement (the |
| 6 | "Motion"), along with its accompanying declarations and other materials; and (2) |
| 7 | the Class Action Settlement Agreement, and its exhibits (the "Settlement |
| 8 | Agreement"). The Court has also considered the arguments of counsel as well as the |
| 9 | pleadings and record in this case. As part of the Settlement Agreement, Defendant |
| 10 | Favorite World, LLC ("Shapermint" or "Defendant") is not objecting to the |
| 11 | certification of the Settlement Class for settlement purposes only. |


1  This matter is before the Court on Plaintiffs' Motion for Preliminary
2  Approval of Class Action Settlement, Conditionally Certifying the Settlement Class,
3  Providing for Notice, and Scheduling Order ("Motion for Preliminary Approval").

4  In connection with the Motion, the Court has considered and reviewed the
5  following materials: (1) the Motion for Preliminary Approval of the Settlement (the
6  "Motion"), along with its accompanying declarations and other materials; and (2)
7  the Class Action Settlement Agreement, and its exhibits (the "Settlement
8  Agreement"). The Court has also considered the arguments of counsel as well as the
9  pleadings and record in this case. As part of the Settlement Agreement, Defendant
10 Favorite World, LLC ("Shapermint" or "Defendant") is not objecting to the
11 certification of the Settlement Class for settlement purposes only.
12 

13 For the reasons set forth below, the Court grants the Motion for Preliminary
14 Approval of the Class Action Settlement and Preliminary Certification of the
15 Settlement Class for settlement purposes only. The Court further finds that it has
16 jurisdiction over this action and each of the parties for purposes of settlement and
17 asserts jurisdiction over the Settlement Class Members for purposes of effectuating
18 this Settlement and releasing their claims.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

20 This action was filed on April 19, 2024. In the Second Amended Complaint,
21 filed on September 23, 2024, Plaintiffs allege that Shapermint advertised deceptive
22 discounts and false prices that led consumers to purchase its products believing they
23 were getting a good deal. Plaintiffs allege violations of California's Consumer Legal
24 Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition
25 Law ("UCL").

26 On October 8, 2024, the Parties held an all-day mediation with Robert A.
27 Meyer over videoconference. In the lead up to mediation, the Parties fully briefed
28 Plaintiffs' Motion for Class Certification and engaged in contested discovery. They

were unable to resolve this matter then, but Mr. Meyer continued to oversee continued negotiations, making a mediator's proposal that was eventually accepted by the parties on November 4, 2024.

## II. THE SETTLEMENT

### A. The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only.

> All individual consumers who, during the Class Period, purchased one or more Class Products from Defendant's website www.shapermint.com at a discounted price below the listed MSRP price listed on the website for personal, family, or household purposes while residing in California.

"Class Period" means April 19, 2020 through the date of the Preliminary Approval Order; "purchased" includes any form of payment, store credit, or gift cards; "Defendant" is Favorite World, LLC; "Class Product(s)" means all "Essentials," "Empetua®," and "Truekind®" branded shapewear products sold on Defendant's website, shapermint.com, during the Class Period including bras, underwear, leggings, camis, bodysuits, swim wear, and other clothing articles and do not include accessories; and "discounted price" means a sale price below the original MSRP price without taking into account any coupon codes, store credit, or any other credits that could be applied to further reduce the purchase price during the checkout process.

Excluded from the from the proposed Settlement Class are: (i) Defendant and its officers, directors, and employees; (ii) any person who validly opt outs of the Settlement in a timely manner; (iii) judicial officers and their immediate family members and associated court staff assigned to the case; (iv) anyone who received a full cash refund of the Product(s); and (v) any natural person or entity that entered into a release with Defendant prior to the Effective Date arising from the same

representations, advertising, marketing and/or sales on the Defendant's website, www.shapermint.com, underlying the claims in the operative complaint in the Action.

### B. Benefits to the Settlement Class

As described in detail in the Settlement Agreement, the Settlement requires Shapermint to provide benefits in the form of vouchers to the Settlement Class, which Plaintiffs estimate based on their review of Settlement Class member purchases data to be worth roughly $4,700,000. In addition, Defendant will provide $475,000 to the Settlement Costs Fund to pay for Settlement Costs. Lastly, Defendant has agreed to injunctive relief to the benefit of the Settlement Class, including text stating that the strikethrough price is the Manufacturer's Suggested Retail Price that will be visible if a mouse is moved over the tooltip icon in close proximity to the strikethrough price. If Settlement Class Members do nothing, they will receive a $6 voucher to be used for any purchase on www.shapermint.com and will receive the benefits of the injunctive relief. If Settlement Class Members submit a Claim Form, they can receive a voucher worth up to $12.

### C. Release

As detailed in the Settlement Agreement, in exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released those claims alleged in the Second Amended Complaint and other claims that arise from the same facts and claims alleged in the Second Amended Complaint. Settlement Class Members will retain their rights against Shapermint to bring any claims disconnected from the facts and allegations in this lawsuit.

### D. Settlement Administrator, Administration Costs, and Notice

The Parties' proposed Settlement Administrator is Phoenix Settlement Administrators. The Settlement Agreement pays for the Settlement Administrator out of the Settlement Costs Fund. The Settlement Agreement requires Defendant to

notify Settlement Class Members of the Settlement by emailing the notice to all members of the Settlement Class (Shapermint has email addresses associated with all Class Members' Shapermint orders). The proposed Email Notice to be sent to Settlement Class Members is attached as Exhibit A to the Settlement Agreement, and will be sent over a seven day period.

In addition, the Settlement Administrator will create a Settlement Website that will include all necessary and pertinent information for Settlement Class Members, including (1) detailed information about the Settlement and the process to make claims, object, or opt out; (2) a claim form allowing Settlement Class members to submit claims for additional voucher credit online (*see* Exhibit C attached to the Settlement Agreement), (3) the Settlement Agreement, (4) the signed Preliminary Approval Order and publicly filed motion papers and declarations in support thereof, (5) instructions on how to access the case docket, and (6) relevant deadlines, including deadlines to opt-out or object to the Settlement Agreement. The Settlement Website will also include the following information: (1) a plain and concise description of the Action and the proposed Settlement, (2) the right of Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement, and (3) specifics on the date, time and place of the Final Approval Hearing. The Settlement Website will contain the Long Form Notice in substantially the same form as Exhibit B attached to the Settlement Agreement.

Prior to the dissemination of Class Notice, the Settlement Administrator shall establish a toll-free telephone number, through which Class Members may obtain information about the Settlement, obtain answers to frequently asked questions, and request a copy of the Claim Form. Under the Agreement, the Settlement Administrator will also serve Class Action Fairness Act ("CAFA") notice in accordance with the requirements of 28 U.S.C. § 1715(b) within ten (10) days of the date of the filing of this Motion.

### E. Request for Exclusion from the Settlement Class

Settlement Class Members who wish to opt out of this Settlement must submit a written statement to the Settlement Administrator by the Objection/Exclusion Deadline. To be valid, each request for exclusion must: (a) state the Settlement Class Member's name, address, and phone number; (b) be personally signed by the Settlement Class Member and not the Settlement Class Member's attorney or anyone acting on the Settlement Class Member's behalf; and (c) include the statement "I/we request to be excluded from the class settlement in *Davida Minor, et al., v. Favorite World LLC*, Case No. 2-24-cv-4425-JFW-AJR (C.D. Cal.)." *See* Settlement Agreement at § V.B. Any Settlement Class Member who properly opts out of the Settlement Class will not be entitled to any Settlement Award, will not be bound by the Settlement, and will not have any right to object, appeal or comment thereon.

### F. Objections

Any Settlement Class Member who wishes to object to the Settlement must do so in writing by the Objection/Exclusion Deadline. *See* Settlement Agreement at § V.A. All written objections and supporting papers must (a) contain and clearly identify the case name and number; and (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Courtroom 7A, Los Angeles, CA 90012, or by filing them in person at any location of the United States District Court for the Central District of California.

Written objections must also contain: (1) the full name, address and telephone number of the Settlement Class Member; (2) a written statement of all grounds for the objection accompanied by legal support for the objection (if any); (3) any papers, briefs or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; (6)

proof of membership in the Class, or a signed statement attesting, under penalty of perjury, that they were a California resident who purchased one or more products from Defendant during the Class Period; (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last three years; and (8) the signature of the Settlement Class Member and her or his counsel, if any. No Settlement Class Member shall be heard at the Fairness Hearing (whether individually or through separate counsel) unless written notice of the Settlement Class Member's intention to appear at the Fairness Hearing, and copies of any written objections or briefs, have been timely submitted to the Court. Class Counsel shall, at least fourteen (14) calendar days (or such other number of days as the Court shall specify) before the Fairness Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members.

### G. Attorneys' Fees, Costs, and Settlement Class Representatives Incentive Awards

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees, and costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek the remainder of the Settlement Costs Fund for fees and costs, after both incentive awards and Settlement Costs have been deducted. Class Counsel will petition the Court for awards for each named Plaintiff as Incentive Awards to compensate them for their time and effort in the Action. Any issue relating to attorneys' fees and costs or to any Incentive Awards will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

### III. LEGAL STANDARD

"[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v.*

Case No. 2:24-cv-4425-JFW-AJR
[PROPOSED] ORDER

*Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In other words, to preliminarily approve a class settlement, a court must conduct two analyses. First, a court must find that the proposed class can be conditionally certified. To do so, the court must find that the requirements of Rule 23 are met. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019). Second, a court must determine that the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). In other words, the court "evaluate[s] the terms of the settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009). Thus, "[a]t this stage, the court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (internal quotation marks omitted).

## IV.   DISCUSSION

### A. Conditional Certification of the Settlement Class is Appropriate.

For purposes of this proposed Settlement only, and pending final approval of the Settlement Agreement after a Final Approval Hearing, the Court finds that the Settlement Class satisfies the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

<u>Numerosity</u>. The proposed Settlement Class consists of approximately 684,309 Settlement Class Members up to May 21, 2025. Thus, the proposed Settlement Class is so numerous that joinder of all members is impracticable.

<u>Commonality</u>. The commonality requirement is satisfied if "there are questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). Common questions must be "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*,

564 U.S. 338, 359 (2011). In other words, common questions must have a common answer that "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. Here, there are multiple common questions of law and fact, including: (1) whether Defendant's advertising of sales and discount prices were "false or misleading within the meaning of the UCL, FAL or CLRA; (2) whether defendant made false statements in its advertisements; (3) whether defendant's advertisements were likely to deceive a reasonable consumer; (4) whether defendant's statements regarding its pricing were material to plaintiffs' purchasing decisions; (5) how to calculate prevailing market price; (6) whether the regular price equaled the prevailing market price for the preceding 90 days in defendant's price-comparison advertising scheme," and (7) "whether plaintiffs have suffered damages as a result of defendant's conduct." *Spann*, 307 F.R.D. at 518.

Typicality. Rule 23(a)(3) requires that the class representative's claims or defenses be "typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). To show typicality, the named plaintiff's claims must be "reasonably co-extensive with those of absent class members[,]" but "they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Here, Plaintiff Minor and Plaintiff Ayanna's claims are typical of the Settlement Class because, like all Settlement Class Members, they allege that they purchased products advertised at a purported discount on www.shapermint.com, and that they relied on the discounts when making their purchases. And they allege, like all Settlement Class Members, they did not receive the advertised discounts because Defendant's products were always on sale and so its discounts were false.

Adequacy. "[N]amed Plaintiffs must fairly and adequately protect the interests of the class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). Courts measure adequacy using two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members,

and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, the Court finds that proposed Class Counsel have no conflicts of interest with absent Class Members, and that they are competent and capable of exercising their responsibilities. The Court also finds that Plaintiffs have no conflicts of interest with the Settlement Class, and that they have fairly and adequately represented the interests of the Settlement Class.

Predominance. "The predominance inquiry … asks whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation marks and citations omitted). Here, common questions—such as whether Defendant's sales and pricing scheme generated false and deceptive advertisements—predominate. *See Rael v. Children's Place, Inc.,* No. 3:16-CV-00370-GPC-LL, 2020 WL 434482, at *7 (S.D. Cal. Jan. 28, 2020) (explaining, in a fake discounts case, that "regardless of the volume, price, timing, or location for any [Class Member's] qualifying purchase, all claims will require the Court to analyze whether Defendant's pricing scheme and pattern of discounting prices was lawful under California law.")

Superiority. The superiority requirement asks whether a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, because Settlement Class Members' potential individual claims are small, and because their claims are virtually identical, a class action is a superior method to adjudicate this dispute.

**B. The Proposed Settlement is Fair, Adequate, Reasonable, and Warrants Preliminary Approval**

A preliminary review of the Settlement reveals the fairness, reasonableness, and adequacy of its terms.

<u>The Settlement is the product of arm's length negotiations</u>. "Preliminary approval is appropriate if the proposed settlement is the product of serious, informed, non-collusive negotiations." *In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6091259, at *10 (N.D. Cal. Oct. 18, 2016). Here, the Parties were represented by knowledgeable counsel who engaged in extensive and substantive negotiations. Counsel engaged in substantial discovery, fully briefed class certification, and sought the help of an experienced mediator. Defendant's counsel provided extensive records on its sales and financials. Further, there is no evidence of collusion or that the Class Counsel placed their interests above those of the Settlement Class in negotiating this Settlement. The Parties did not negotiate attorneys' fees, costs, and service awards to the Plaintiffs (through the mediator) until after they reached agreement on the benefits owed to the Settlement Class. In short, the Parties thoroughly investigated and considered the strengths and weaknesses of the case and engaged in well-informed and adversarial negotiations.

<u>The Settlement falls within the reasonable range of judicial approval</u>. The Settlement Agreement provides approximately $4,700,000 in value to Settlement Class Members (according to Plaintiffs' estimation), on top of the value of the injunctive relief and payment of all administrative costs, and attorneys' fees and costs. All Settlement Class Members will get a minimum of $6 and up to a $12 voucher that expires after a year. This recovery is similar to recovery gained in analogous cases. *See, e.g., Chaikin v. Lululemon USA Inc.*, No. 3:12-CV-02481-GPC, 2014 WL 1245461, at *3 (S.D. Cal. Mar. 17, 2014) (approving settlement for

vouchers that expire after 6 months); *Foos v. Ann, Inc.*, No. 11CV2794 L MDD, 2013 WL 5352969, at *3 (S.D. Cal. Sept. 24, 2013) (settlement approved for $15 voucher or 20% off that expire after 6 months).

In short, the Settlement is a fair and reasonable outcome, especially given the risks of continued litigation.

<u>The Settlement has no obvious deficiencies</u>. As described above, the Settlement provides significant relief to Settlement Class Members. In addition, it has no obvious deficiencies. The Settlement Agreement calls for a tailored release of claims which were alleged in the operative complaint, or which arise from the same facts and claims alleged in the operative complaint. This will ensure that Class Members maintain their rights against Shapermint for unrelated issues. *See Martinez v. Knight Transportation, Inc.*, No. 1:16-CV-01730-SKO, 2023 WL 2655541, at *16 (E.D. Cal. Mar. 27, 2023) ("[T]he settlement does not release unrelated claims that Class Members may have against Defendant. The Court therefore finds that the scope of the release is satisfactory.") (citing cases).

The Agreement does not grant improper preferential treatment to the class representatives. In determining whether to grant preliminary approval, courts consider "whether the proposal 'improperly grant[s] preferential treatment to class representatives or segments of the class.'" *Perks v. Activehours, Inc.*, No. 5:19-CV-05543-BLF, 2021 WL 1146038, at *6 (N.D. Cal. Mar. 25, 2021) (citation omitted). Here, the Agreement allows Class Counsel to seek up to a $5,000 in service awards for the named Plaintiffs. These awards, which together are approximately 0.28% of the Settlement's total value, are appropriate given Plaintiffs' important and diligent service throughout this litigation. Moreover, the Settlement does not grant preferential treatment to any segment of the class, and instead equitably distributes the Settlement Awards based on products purchased from Shapermint.

In sum, the Court's preliminary evaluation of the Settlement Agreement

reveals that the Agreement is fair, reasonable, and adequate and should be approved.

### C. The Proposed Class Notice Provides for the Best Notice Practicable Under the Circumstances.

Due process under Rule 23 requires that Class Members receive notice of the settlement and an opportunity to be heard and participate in the litigation. Fed. R. Civ. P. 23(c)(2)(B). In other words, "individual notice must be provided to those class members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974). Here, the Parties have selected Phoenix Settlement Administrators as the Settlement Administrator. The Court finds that the Class Notice described above, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law.

In addition, under Rule 23(e), notice to class members "must generally describe the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." The Court finds that substance of the proposed notice fully apprises Class Members of their rights. The notice contains all of the necessary information required to inform Class Members of their rights under the Settlement, and also directs them to the Settlement Website where they can obtain more detailed information. Thus, the Court finds that the proposed notice is fair and reasonable.

### D. Schedule and Procedures

The Court orders the following schedule and procedures for disseminating the Class Notice, requesting exclusion from the Settlement Class, and objecting to the Settlement:

| Item | Deadline |
| --- | --- |
| Filing of Motion for Preliminary Approval | July 14, 2025 |
| Funding of Administration Fund (up to $25,000) | 14 days after Preliminary Approval |

| Notice Deadline/Notice Date | Beginning 30 days after Preliminary Approval- complete within 7 days |
|---|---|
| Objection/Exclusion Deadline | 77 days after Preliminary Approval |
| Claim Deadline | 97 days after Preliminary Approval |
| Final Tally | 7 days after Claim Deadline |
| Plaintiff's Motion for Attorneys' Fees and Incentive Awards | 45 days after Preliminary Approval |
| Motion for Final Approval | 75 days after Preliminary Approval |
| Deadline for Response to Any Objections | 14 days prior to the Fairness Hearing |
| Fairness Hearing | The Parties shall request that the Court hold a Final Fairness Hearing and rule on the Motion for Final Approval and Motion for Attorneys' Fees and Incentive Awards as soon as practicable after filing. |
| Effective Date | The date on which time to appeal or to seek permission to appeal from the Court's approval of this Agreement has expired or, if appealed, approval of this Agreement has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, or upon the denial of a writ of certiorari to review the order and final judgment from any court making the Final Approval Order a final, non-appealable judgment. |
| Payment of Attorneys' Fees and Costs and Incentive Awards | 60 days after Effective Date |
| Distribution of Settlement Awards | No later than 37 days after Effective Date |

### E. Final Fairness Hearing

The Court will hold a Final Approval Hearing on _____, 2025 at [TIME], to determine the fairness, reasonableness, and adequacy of the Settlement Agreement, and to determine whether the proposed Settlement should be finally approved, and final judgment entered.

### F. Other Provisions

Class Counsel and Shapermint are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the proposed Class Notice.

If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the Parties will be restored to the status quo ante as set forth more specifically in the Settlement.

## V. CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The Motion for Class Certification and Preliminary Approval of Settlement Agreement is granted upon the terms and conditions set forth in this Order.
2. The Court preliminarily certifies the Settlement Class, as defined above, for the purposes of settlement.
3. The Court preliminarily appoints Plaintiffs Davida Minor and Asha Ayanna as Class Representatives for settlement purposes.
4. The Court preliminarily appoints Brandon Brouillette, Craig W. Straub, and Zachary M. Crosner of Crosner Legal, P.C. as Class Counsel.
5. The Court preliminarily finds that the terms of the Settlement are fair, reasonable and adequate, and comply with Rule 23(e) of the Federal Rules of Civil Procedure.
6. The proposed Class Notice complies with the requirements of Rule 23 and due process, and notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines in the Agreement.

Dated: _____    _____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE