Note Changes Made by Court
as stated on the record

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIDA MINOR and ASHA AYANNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAVORITE WORLD, LLC,<br><br>Defendant. | Case No. 2:24-cv-4425-JFW-AJRx<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>Hon. John F. Walter<br><br>Date: December 15, 2025<br>Time: 8:30 AM<br>Courtroom: 7A |

Upon considering Plaintiffs' Motion for Final Approval of Class Action Settlement, and for Approval of Attorneys' Fees, Costs, and Service Awards, the Court's entire file herein, the arguments of counsel at the hearing, and good cause appearing, the Court hereby finds and orders as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Class Action Settlement Agreement, Docket No. 109-2, attached as Exhibit 1 to the Declaration of Brandon K. Brouillette in Support of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (hereafter the "Settlement");

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members to this litigation;

3. The Settlement Class, which was provisionally certified by the Court in its July 31, 2025, Order Granting Preliminary Approval, hereby is certified under Federal Rule of Civil Procedure 23 for purposes of settlement only. The Settlement Class includes all California consumers who purchased Class Products from www.shapermint.com at a listed discount from the MSRP during the Class Period of April 19, 2020, through July 31, 2025;

4. The Court finds the Class Notice was implemented as required by the Settlement. The Class Notice constituted the best notice practicable under the circumstances and fully met the requirements of due process. The Court also finds that the appropriate State official was duly notified of the proposed settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b);

5. The Court finds that no member of the Settlement Class has objected to the Settlement or to the proposed awards of attorneys' fees, costs, or the representative service award;

6. The Court finds that the Settlement was the product of good faith, arm's-length negotiations between experienced counsel, facilitated by a well-

respected mediator. After considering the Defendant's potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Class Counsel, and the reaction of the Class to the Settlement (*see Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1026 (9th Cir. 1998)), the Court finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of the Class, that the settlement of the claims is meaningful especially considering the injunctive relief provided by the Settlement. The Court hereby **GRANTS** final approval of the Settlement. The parties are ordered to carry out the Settlement as provided for therein;

7. In addition, the request for the Class Representatives service award payment of $5,000.00 to each of the two Class Representatives is **GRANTED**. The Court finds that the service payment is reasonable in light of the services they performed, the benefit they helped secure for the Settlement Class, and the risks they undertook in bringing the litigation. The Court further approves payment of $58,950.00 to the Settlement Administrator, Phoenix Settlement Administrators, for services rendered and to be rendered in administering the Settlement. The service award payments and Settlement Administrator payments are to be deducted from the Settlement Costs Fund pursuant to the Settlement;

8. Concurrently with the Motion for Final Approval of the Settlement, Plaintiffs moved for an attorneys' fees award of $381,051.78, plus litigation costs in the amount of $24,998.22 to be deducted from the Settlement Costs Fund pursuant to the Settlement. The amounts requested are **GRANTED**. The Court finds Class Counsel skillfully advanced the litigation in the face of uncertain legal authority and disputed factual issues on a contingent basis, and Class Counsel's efforts resulted in substantial payment to the Class. The Court has carefully considered the results achieved, the risks posed by the litigation, the skill required and the quality of the

work, the contingent nature of the fee, the timeliness of the settlement, and awards made in similar cases. The fee is less than the "benchmark" fee in class action cases of 25% of the gross settlement amount. *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989). The requested fee is less than Class Counsel's reasonable lodestar. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). In addition, the Court finds that Class Counsel's expenses were reasonably incurred in the prosecution of the litigation;

9. The Court adjudges the participating Settlement Class Members (as defined in the Settlement), to the extent provided by the Settlement, be deemed to have conclusively released and discharged the Released Parties (as defined in the Settlement) from all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, in law or equity, fixed or contingent, known or unknown, which Settlement Class Members have or may have, arising out of or relating to any of the acts, omissions or other conduct by Defendant(s) alleged or otherwise referred to in the operative complaint in the Action. As of the Effective Date of Settlement, each Settlement Class Member shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims;

10. Six (6) Settlement Class Members validly opted out of the Settlement, and are therefore excluded from the Class and are not bound by the Settlement or this Order;

11. Without affecting the finality of this Order in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Settlement pursuant to further orders of this Court until the final judgment contemplated becomes effective and each and every act agreed to be performed by the parties has been performed under the terms of the Settlement; (2) any other action necessary to conclude this

-3-

settlement and to implement the Settlement; and (3) the enforcement, construction, and interpretation of the Settlement;

12. Neither this Order nor the Settlement upon which it is based are an admission or concession by any party of any fault, omission, liability or wrongdoing. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by any party. The final approval of the parties' Settlement will not constitute any opinion, position or determination of this Court as to the merits of the claims or defenses of any party.

13. Plaintiffs are ordered to submit a [Proposed] Judgment on or before December 19, 2025.

IT IS SO ORDERED.

Dated: December 15, 2025

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE